**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Stefon Coty DIXON, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 31, 2012.

Filed May 10, 2013.

Timothy N. Tomaise, Pittsburgh, for appellant.

Michael W. Streily, Deputy District Attorney and Rebecca G. McBride, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: MUSMANNO, J., WECHT, J., and COLVILLE, J.*

OPINION BY WECHT, J.:

Stefon Dixon ("Appellant") appeals the trial court's December 7, 2011 order dismissing his summary appeal after Appellant failed to appear in court. We affirm.

On September 9, 2011, Appellant appeared before a magisterial district judge in Allegheny County, charged with two stop sign violations.[1] Appellant was con-

victed on both counts, and fined $25 plus court costs on each count.

On September 19, 2011, Appellant filed timely appeals from the summary convictions. In doing so, Appellant completed and filed "Notice of Appeal from Summary Conviction" forms for each docket number. On the bottom of those forms, Appellant was notified that his *de novo* trial was scheduled for December 7, 2011. The forms also indicated that the hearing would commence at 8:30 a.m. at the "City–County Bldg, 8th Floor, Room 21 414 Grant Street." *See* Notice of Appeal from Summary Conviction, MJ–05003–TR–0016862–2011; MJ–05003–TR–0017922–2011. Appellant signed both forms on the line adjacent to the date and address information. *Id.*

On December 7, 2011, Appellant failed to appear for the hearing. After the case was called, the trial court dismissed Appellant's appeal. On December 15, 2011, Appellant filed a notice of appeal. The trial court did not direct Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On December 21, 2011, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises a single issue for our consideration:

1. Whether the Court of Common Pleas erred in dismissing [Appellant's] summary appeal due to [Appellant's] failure to appear when said Court failed to conduct an inquiry/investigation into the reasons for [Appellant's] non-appearance?

Brief for Appellant at 2.

Appellant argues that *Commonwealth v. Marizzaldi*, 814 A.2d 249 (Pa.Super.2002),

---

* Retired Senior Judge assigned to the Superior Court.

1. 75 Pa.C.S. § 3323. The charges arose from two separate citations: MJ–05003–TR–

0016862–2011 (offense date: April 13, 2011) and MJ–05003–TR–0017922–2011 (offense date: May 23, 2011).

which we discuss in detail *infra,* mandates that this case be remanded, because the trial court failed to inquire into whether Appellant had sufficient cause for his absence before dismissing the summary appeal. Appellant maintains that his failure to appear was involuntary. To support this contention, as the appellant did in *Marizzaldi,* Appellant includes in his brief an affidavit setting forth the reasons for his absence. Therein, Appellant explains that, on the morning of his hearing, he had reported to Room 114 of the Allegheny County Courthouse at 8:00 am, which was where Appellant originally had filed his summary appeal. Appellant alleges that he was told by a clerk that his hearing was "up the street." Appellant then proceeded to the Family Law Center, which is across Ross Street from the Allegheny County Courthouse. Appellant was redirected from there to the "other courthouse" and "across the street." Appellant believed that he was being sent back to the criminal courthouse, where he had initially reported. By this time, it was 9:45 a.m. Appellant then assumed that he had missed his hearing and went home. *See* Affidavit, 5/22/2012.

■ Our standard of review is limited to whether the trial court committed an error of law and whether the findings of the trial court are supported by competent evidence. *Commonwealth v. Askins,* 761 A.2d 601, 603 (Pa.Super.2000). The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. *Id.* "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Commonwealth v. Diamond,* 945 A.2d 252, 258 (Pa.Super.2008) (citation omitted).

Pennsylvania Rule of Criminal Procedure 462 governs *de novo* trials following the appeal of a summary conviction. That rule states, in pertinent part, the following:

**Rule 462. Trial *De Novo***

(A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.

\* \* \*

(D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462.

■ The Comment to Rule 462 explains that "[p]aragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo.*" Pa.R.Crim.P. 462, cmt. Therefore, before a summary appeal may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had adequate cause for his absence. *See Commonwealth v. Akinsanmi,* 55 A.3d 539, 540–41 (Pa.Super.2012). In the event that good cause is established, the defendant is entitled to a new summary trial. *See Marizzaldi,* 814 A.2d at 251, 253; *Commonwealth v. Doleno,* 406 Pa.Super. 286, 594 A.2d 341, 343 (1991).

■ The problem that arises in these types of cases is that, for a quite obvious reason, trial courts often dismiss the appeals without inquiring into whether the absentee defendant had good cause: the person who could offer cause for the absence is the absent defendant himself. In

other words, there is no one present in the courtroom whom the trial judge can question regarding the reasons for the absence. Moreover, pursuant to Pa.R.Crim.P. 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions. The trial court cannot question an absent defendant regarding the cause of the absence, and the defendant cannot file post-sentence motions to explain the absence. Consequently, this Court often must address the necessary cause inquiry arising from Pa.R.Crim.P. 462 in the first instance. This is precisely the task that we face in the instant matter. To do so, we must consider *Marizzaldi*, in which this Court faced a very similar set of circumstances.

In *Marizzaldi*, the appellant failed to appear for his *de novo* trial, which was scheduled after the appellant filed a summary appeal from his convictions of various summary traffic offenses. 814 A.2d at 250. As the trial court did in the case *sub judice*, the trial court in *Marizzaldi* dismissed the appeal without any inquiry as to the cause of the appellant's failure to appear. *Id.* at 250–51. The appellant attached an affidavit to his brief to this Court alleging that he had missed the bus, and had arrived late to the hearing. The appellant eventually arrived at the courthouse, but by that time his hearing already had been dismissed. The appellant was not given an opportunity to explain the reason for his tardiness. *Id.* at 251.

We reversed the trial court, and remanded for a new trial. We reviewed the dictates of Pa.R.Crim.P. 462 and considered the allegations raised in the appellant's affidavit before pronouncing the following:

After careful review, and assuming *arguendo* that the facts set forth in [the appellant's] brief and affidavit are true and correct, we find the case at bar sufficiently similar to [*Commonwealth v. Mesler*, 732 A.2d 21 (Pa.Cmwlth.1999) [2] ] to warrant relief. The abbreviated transcript in the certified record does not contradict [the appellant's] assertions on appeal, and the brief opinion of the trial court makes no mention that a determination of the cause or duration of [the appellant's] absence was made. It is for these reasons that we are compelled to find that the record does not establish an effort on the part of the trial court to make any such inquiry, as was the precise situation in *Mesler*. This failure to do so is contrary to the clear intent of the Rules and requires a remand for a trial *de novo* .... [The appellant's] tardiness was not voluntary, and he should therefore be given an opportunity to present a defense.

*Marizzaldi*, 814 A.2d at 252–53 (footnotes omitted).

■ We understand *Marizzaldi* to require a new trial when: (1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary. When we apply *Marizzaldi*'s mandates to the instant case, it is clear that Appellant is not entitled to relief.

When Appellant filed his summary appeals, he was provided with papers that

**2.** In *Mesler*, the defendant failed to appear at a summary appeal hearing. Although the defendant's attorney was present, the trial court failed to consider whether cause existed for the defendant's absence. The Commonwealth Court reversed the judgment of sentence, and remanded for a new hearing. *Mesler*, 732 A.2d at 25.

conspicuously identified the time, date, and location of his *de novo* hearings. Appellant ignored this information and reported to the wrong location, returning initially to the room where he filed his summary appeals even though his papers directed him to a different location. Appellant then followed the misguided directions of various unnamed persons. In his affidavit, Appellant attempts to lay blame upon the people who directed him to various places, but fails to address why he simply did not report to the location specifically identified on his paperwork. Appellant never attempted to contact the trial court to seek correct directions or to inform the court of his tardiness and difficulties finding the courtroom.

 Nothing in Appellant's affidavit indicates that the circumstances causing his absence were beyond his control. Appellant was aware of the time, date, and location of the hearing. Appellant travelled to downtown Pittsburgh, but failed to report to the correct room, which was specified in his court papers. After a period of time, Appellant went home without making any attempt to contact the court. Appellant's failure to locate the correct room for his hearing does not render his absence involuntary. Therefore, Appellant has failed in his affidavit to set forth a *prima facie* case of involuntariness sufficient to warrant a new trial pursuant to *Marizzaldi*.

Order affirmed. Jurisdiction relinquished.