J-A13027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TASHA SARVIS | |
| Appellant | No. 1150 WDA 2015 |

Appeal from the Judgment of Sentence entered March 24, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-SA-0000304-2014

BEFORE:  OLSON, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 24, 2016**

Appellant, Tasha Sarvis, appeals from the judgment of sentence the Court of Common Pleas of Allegheny County entered on March 24, 2014. Upon review, we affirm.

The record reveals that on January 10, 2014 Appellant was charged with the summary offense of driving with an expired driver's license. On February 5, 2014, Magisterial District Judge Riazzi found her guilty as charged and imposed a $200.00 fine plus court costs.

On February 13, 2014, Appellant filed a *pro se* notice of summary appeal. Her trial was scheduled for March 24, 2014 before Judge Gallo. Appellant failed to appear at her trial. Accordingly, the trial court dismissed the appeal, and judgment was entered on the judgment of the issuing

authority pursuant to Pa.R.Crim.P. 462(D).[1]  On July 22, 2015, Appellant filed a motion for leave to appeal *nunc pro tunc*.  The trial court granted said motion on July 28, 2015.  This appeal followed.

We preliminarily note that Appellant failed to comply with all rules of appellate briefing.  **See** Pa.R.A.P. 2111-2119.  Appellant's brief indeed is a one-paragraph letter in which she sets forth her "argument."  "When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof."  **Commonwealth v. Sanford**, 445 A.2d 149, 150 (Pa. Super. 1982) (citations omitted).  Here, the defects are so substantial as to preclude review.  Caselaw mandates quashal of the appeal under these circumstances.  **Id.** at 151.  **See also** Pa.R.A.P. 2101 (Failure to "conform in all material respects with the requirements of these rules" may result in the quashal or dismissal of appeal if the defects are in the brief and are substantial.").

Even if we were not to quash the appeal, Appellant would be entitled to no relief.  When considering a trial court's decision to dismiss a summary appeal in which the defendant fails to appear before the court, our standard of review is limited to finding an abuse of discretion by the trial court.

---

[1] "If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority."  Pa.R.Crim.P. 462(D).

*Commonwealth v. Dixon*, 66 A.3d 794, 796 (Pa. Super. 2013). However, this Court will reverse a trial court's dismissal of a summary appeal and remand for a trial *de novo* when: (1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary. *Id.* at 797.

Here, Appellant does not argue she missed the trial for reasons the trial court failed to consider. In fact, Appellant does not even acknowledge she failed to appear at her trial, let alone provide an affidavit addressing her absence at trial.

In light of the foregoing, we find no abuse of discretion by the trial court. Accordingly, we affirm the trial court's order dismissing Appellant's summary appeal.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/24/2016