J-S85010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KEVIN M. SOETH | |
| Appellant | No. 1386 EDA 2016 |

Appeal from the Judgment of Sentence April 9, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-SA-0001248-2014

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

JUDGMENT ORDER BY PANELLA, J.        **FILED DECEMBER 27, 2016**

Appellant, Kevin M. Soeth, appeals *pro se* from the judgment of sentence[1] entered April 9, 2015, in the Court of Common Pleas of Montgomery County. After reviewing the certified record, we quash the appeal as untimely.

The relevant factual and procedural history is as follows. On August 18, 2014, Soeth was cited for several traffic violations by the Pennsylvania State Police. A magisterial district judge convicted Soeth of all of the violations and sentenced him to pay costs and fines. Soeth then appealed to

_____

[1] Soeth purports to appeal from the "Order entered in this matter on the 9th day of April, 2015." Notice of Appeal, 5/5/16. However, appeals from convictions in criminal proceedings, which include summary convictions, lie from the judgment of sentence. **See Commonwealth v. Preacher**, 827 A.2d 1235, 1236 n. 1 (Pa. Super. 2003). We have corrected the caption accordingly.

the Montgomery County Court of Common Pleas and was granted a trial *de novo*. Soeth, however, failed to appear at his trial *de novo*. Therefore, on April 9, 2015, the trial court dismissed Soeth's appeal, and reinstated the district court convictions.

On June 29, 2015, Soeth wrote a letter to the trial court requesting a new trial *de novo*. The trial court denied Soeth's request, citing its lack of jurisdiction to modify the sentence after it had become final. On November 17, 2015, Soeth once again wrote a letter to the trial court seeking to modify his sentence. In this letter, which Soeth also sent to the magisterial district court, Soeth sought to alter his sentence to a term of incarceration in *lieu* of the fines and costs imposed on April 9, 2015. Both the magisterial district court and the trial court denied Soeth's request due to a lack of jurisdiction to alter the terms of the sentence.

On May 5, 2016, Soeth appealed the trial court's April 9, 2015 judgment of sentence. On appeal, Soeth contends that both the trial court and magisterial district court erred by determining that neither had jurisdiction to alter the April 9, 2015 judgment of sentence.

Prior to reaching the merits of Soeth's arguments, we must first determine whether this Court has jurisdiction to hear this appeal. A defendant in a summary appeal case in not permitted to file post-sentence motions. *See Commonwealth v. Dixon*, 66 A.3d 794, 797 (Pa. Super. 2013). Thus, a defendant's notice of appeal must be filed within 30 days of the imposition of sentence. *See* Pa.R.Crim.P. 720(3); Pa.R.A.P. 903(a).

Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal. ***See Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014).

Here, Soeth's judgment of sentence was entered on April 9, 2015. Thus, Soeth was required to file a notice of appeal by May 9, 2015. Soeth did not file his notice of appeal until May 5, 2016—362 days later. His appeal is patently untimely. Further, we cannot find extraordinary circumstances here, ***see Burks***, 102 A.3d at 500, as Soeth does not attempt to explain his late filing and we cannot find any evidence that he asked for, or received, *nunc pro tunc* relief, ***see Commonwealth v. Capaldi***, 112 A.3d 1242, 1244-1245 (Pa. Super. 2015). Accordingly, we are without jurisdiction to address Soeth's claims and the appeal must be quashed. ***See Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014).

Appeal quashed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/27/2016

- 3 -