J-S62036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARIE CHAVANNES, | : | |
| | : | |
| Appellant | : | No. 472 MDA 2017 |

Appeal from the Judgment of Sentence February 15, 2017
in the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-SA-0000119-2016

BEFORE:    STABILE, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED OCTOBER 17, 2017**

Marie Chavannes (Appellant) *pro se* appeals from the judgment of sentence imposed on February 15, 2017, after her summary appeal was dismissed for her failure to appear at the hearing.  We affirm.

The trial court provided the following background.

> Appellant … is the owner of a residential property located at 813 Spring Street in Wyomissing, Berks County, Pennsylvania.  On August 18, 2015, Appellant [] was given notice of three code violations on her property.  On September 28, 2015, Reading Codes enforcement officer Guido Marte [re-inspected] the property and issued three citations for non-compliance with local ordinances [(L.O.)].  The citations charged Appellant with violating:
>
> > L.O. § 304.2 Failure to maintain or repair gutters and downspouts
> > L.O. § 304.7 Failure to repaint or repair front porch
> > L.O. § 304.10 Failure to install handrail on steps
>
> On February 25, 2016, Magisterial District Judge Alvin B. Robinson found Appellant guilty *in absentia* of all three code

---

*Retired Senior Judge assigned to the Superior Court.

violations. Each violation carried a fine and costs totaling $335.50 each. Appellant has paid $190.00 toward the fines and costs owed.

On March 29, 2016, Appellant filed an appeal with the Court of Common Pleas in Berks County. A summary appeal trial was scheduled on June 6, 2016, but had to be continued until August 1, 2016. On August 1, 2016, the trial was again continued until November 7, 2016. On November 7, 2016, the summary appeal trial was once again continued to December 14, 2016. On December 14, 2016[,] the summary appeal trial was rescheduled for February 15, 2017. Each continuance was at the request of or on behalf of Appellant. Each continuance order, including the order dated December 14, 2016[,] states, "No motion for continuance will be considered within three business days of the scheduled hearing, except for an emergency occurring within that time."

On February 15, [2017,] Appellant's counsel, John Fielding, appeared to represent her at the summary appeal trial. Appellant's counsel did inform the [trial c]ourt of Appellant's health issues, however, counsel did not express any emergency situation which would bar Appellant from appearing as scheduled. Appellant's counsel was not prepared to proceed with the trial without Appellant and requested yet another continuance on behalf of Appellant. On February 15, 2017, the [trial] court dismissed the appeal for failure of Appellant to appear.

Trial Court Opinion, 5/12/2017, at 1-2.

Accordingly, the aforementioned judgment of sentence against Appellant was entered on that date. Appellant timely filed *pro se* a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents three issues for our consideration.

1. Did the [trial] court err[] in dismissing [A]ppellant['s] *de novo* trial while counsel was present on behalf of [Appellant]?

2. Did the trial court determine whether [Appellant] had adequate cause for her absence?

3. Did the [trial] court abuse its discretion by not granting a continuance *sua sponte*?

Appellant's Brief at 5 (suggested answers omitted).

We consider Appellant's issues together, as they are interrelated. In doing so, we bear in mind the following.

> Our standard of review is limited to whether the trial court committed an error of law and whether the findings of the trial court are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous.

Pennsylvania Rule of Criminal Procedure 462 governs *de novo* trials following the appeal of a summary conviction. That rule states, in pertinent part, the following:

> **Rule 462. Trial *De Novo***
>
> (A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.
>
> * * *
>
> (D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462.

- 3 -

The Comment to Rule 462 explains that "[p]aragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo*." Pa.R.Crim.P. 462, cmt. Therefore, before a summary appeal may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had adequate cause for his [or her] absence. In the event that good cause is established, the defendant is entitled to a new summary trial.

***Commonwealth v. Dixon***, 66 A.3d 794, 796 (Pa. Super. 2013) (some citations and quotation marks omitted).

In ***Dixon***, the Court held that a new trial is required when: "(1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary." ***Id***. at 797.

Here, Appellant contends that she had a "health emergency" preventing her appearance at court. Appellant's Brief at 14. Appellant has included with this appeal an affidavit where she asserts that she is "a 67 year old elderly woman" suffering "from multiple health problems." Appellant's Brief at Appendix G. She states that on February 15, 2017, she was "suffering from high blood glucose[] and hypertension" and was also "experiencing nausea[] and dizziness." ***Id***. She suggests that the trial court

erred by dismissing her appeal without determining whether she had "good cause." Appellant's Brief at 15.

The trial court offered the following rationale for the dismissal of the appeal in its opinion.

> In this case, Appellant had requested several continuances. The *de novo* trial was continued four times. Appellant's failure to appear on February 15, 2017 was not excused by the appearance of counsel, where counsel was present[] only for the purpose of requesting yet another continuance. Counsel notified the [trial c]ourt that Appellant has health issues, but could not point to a specific cause of Appellant's absence that day. Appellant's counsel presented no explanation to the [trial c]ourt that Appellant had an emergency or was in such ill health that she could not be present to try her case.
>
> The [trial c]ourt considered the cause for Appellant's absence, but the vague excuse of "health issues" was not convincing where[] Appellant had proper notice of the hearing and the [o]rder states that continuance requests will only be considered on an emergency basis within three business days of the scheduled hearing, and Appellant had requested multiple continuances prior to February 15, 2017.

Trial Court Opinion, 5/12/2017, at 4.

The trial court reached these conclusions after extensive discussion at the summary appeal hearing. Attorney Fielding represented to the trial court that he was with Appellant the day before and "she did not have health issues." N.T., 2/15/2017, at 2. The trial court also requested that Appellant be reached by phone. Attorney Fielding was able to reach Appellant's son, who stated that his mother's "health is preventing her from being [at court] or speaking on the phone." *Id*. at 3. Additionally, the Commonwealth

attempted to enter into a settlement agreement, but Appellant did not authorize Attorney Fielding to accept such an agreement.

The trial court recognized that it did not have a benefit of an affidavit. *See* Trial Court Opinion, 5/12/2017, at 4. However, this Court's review of the affidavit provided on appeal reveals no information that was not available to the trial court at the time it decided to dismiss the appeal rather than continue the matter. Appellant relates her various health issues, but does not explain why she was unable to attend the hearing even by telephone.

Based upon the trial court's long history with this case, including the numerous continuances requested by Appellant, as well as the extent of the inquiry into why Appellant could not appear, we conclude that the trial court neither erred nor abused its discretion by dismissing the summary appeal for Appellant's failure to appear. Accordingly, we affirm her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/17/2017

- 6 -