# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Shoaf (Deceased)      :
and Evelyn Shoaf,      :
     Appellants      :    No. 224 C.D. 2017
     :    Submitted: August 18, 2017
     v.      :
     :
Commonwealth of Pennsylvania      :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: November 29, 2017**

This case returns to us for the third time following two remands to the Court of Common Pleas of Allegheny County (trial court). See Commonwealth v. Shoaf (Pa. Cmwlth., 1653 C.D. 2015, filed July 29, 2016), 2016 WL 4079551 (unreported) (Shoaf II); Commonwealth v. Shoaf (Pa. Cmwlth., No. 868 C.D. 2014, filed February 20, 2015), 2015 WL 5162134 (unreported) (Shoaf I). In Shoaf I and Shoaf II, we returned this matter to the trial court for a determination as to whether Evelyn Shoaf[1] (Shoaf) had good cause for her failure to appear at hearings on her summary appeal before dismissing her appeal and entering judgment against her. After our remand in Shoaf II, the very patient trial court held a hearing, and Shoaf again failed to attend. Ultimately, the trial court determined Shoaf lacked good cause for her failure to appear. Discerning no error in that determination, we affirm.

In Shoaf II, we set forth the following background to this matter. In October 2013, a magisterial district judge found Shoaf guilty of violating the

---

[1] Charles Shoaf is deceased.

Borough of Dravosburg's (Borough) property maintenance ordinance (ordinance) relating to unsafe structures and imposed a fine of $8,000 plus costs. Shoaf appealed to the trial court.

After an apparent postponement, the trial court convened a hearing on April 22, 2014. At the outset of the hearing, the clerk stated Shoaf's son contacted the trial court and indicated Shoaf was hospitalized and, therefore, sought a postponement. Counsel for the Commonwealth responded:

> Your Honor, this case was scheduled for March 25th. The same thing happened, everybody showed up for [the Borough]. I was here, the building inspector was here and your office got a phone call the mother was in the hospital. The hearing was rescheduled for today by your order and no further postponements. We don't have any verification. We need documentation. If they wanted a postponement they have got to notify the parties in advance.

Certified Record (C.R.), Item #4, Summary Appeal Hearing, Notes of Testimony (N.T.), 4/22/14, at 1.

In response, the trial court inquired about the "high fine." Id. Counsel for the Commonwealth informed the trial court that the fine was imposed because of a dilapidated structure. He offered to show the trial court photographs depicting the condition of the structure; however, the photographs were not admitted into evidence. Counsel for the Commonwealth also stated the magisterial district judge fined Shoaf $1,000 per day for the violation. Counsel for the Commonwealth then notified the trial court that Shoaf did not perform any repairs on the property. He also stated, "[e]very time there is a hearing scheduled they call and say they can't

make it. Like I said, your last order said no further postponements." N.T. at 2. In response, the trial court dismissed Shoaf's appeal.

The trial court then issued a "form" order in which it checked a box that stated: "DEFENDANT FAILED TO APPEAR. APPEAL IS DISMISSED AND JUDGMENT IS ENTERED ON THE JUDGMENT OF THE ISSUING AUTHORITY PURSUANT TO PA. RULES OF CRIMINAL PROCEDURE 462 (D)." C.R., Item #2. Shoaf appealed to this Court, and the trial court issued a very brief opinion, which contained no determination as to whether Shoaf had good cause for her failure to appear at the hearing.

Before this Court, Shoaf challenged the trial court's decision to hold the April 2014 hearing in her absence where her son contacted the trial court and explained she was hospitalized. Shoaf asserted she was in UPMC McKeesport Hospital on the date of the hearing and, therefore, she was unable to attend.

Responding to this assertion, this Court explained that Pennsylvania Rule of Criminal Procedure 462 governs trials *de novo* on appeal of a conviction of a summary offense. That Rule states, in pertinent part:

> **Rule 462. Trial *De Novo***
>
> (A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.
>
> \* \* \* \*

3

> (D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462. The Comments to the Rule explain: "Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal <u>when the judge determines that the defendant is absent without cause from the trial *de novo*</u>." Pa.R.Crim.P. 462, cmt. (emphasis added). "Therefore, before a summary appeal may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had adequate cause for her absence." <u>Commonwealth v. Dixon</u>, 66 A.3d 794, 796 (Pa. Super. 2013) (citation omitted).

In <u>Shoaf I</u>, the hearing transcript confirmed Shoaf's assertion that her son contacted the trial court before the start of the hearing to inform the court that Shoaf was in the hospital. N.T. at 1. However, the trial court made no inquiry or statement regarding whether Shoaf had cause for failing to attend the hearing. N.T. at 1-2. Rather, the trial court dismissed Shoaf's appeal. N.T. at 2; C.R., Item #2. Also, the trial court's opinion made no mention of whether it determined Shoaf was absent without cause as contemplated by Pa.R.Crim.P. 462(D). In the absence of any such determination, this Court remanded for a hearing to determine whether Shoaf had cause for her failure to appear at the April 2014 hearing. We further stated, if the trial court determined Shoaf had cause for failing to appear, it had to provide Shoaf with a trial *de novo* on the merits. <u>Shoaf I</u>.

On remand, the trial court scheduled a hearing for April 21, 2015. Shoaf moved for a postponement, and she included a letter of April 14, 2015 from her physician indicating she was under his care for various physical and

4

psychological issues. The physician's letter stated that, of ongoing concern for Shoaf and her family was the hearing scheduled for April 21, 2015. The letter indicated that Shoaf felt she was unable to attend the hearing in person, and adding to her overwhelming anxiety was the fact that she was unable to represent herself. The letter stated Shoaf may benefit from a court-appointed attorney or someone else who could assist her. The trial court granted the requested postponement and rescheduled the hearing for May 19, 2015. The trial court's postponement order noted Shoaf was required to present documentary evidence that she was in UPMC McKeesport at the time of the April 2014 hearing as stated by this Court in Shoaf I. C.R., Com. Ex. 7.

In response, Shoaf sent the trial judge a letter indicating she was, in fact, at UPMC McKeesport on April 22, 2014, and she attached an emergency room hospital record. Shoaf also included a physician's letter, indicating Shoaf suffers generalized anxiety and depression, she was prescribed medication for these conditions and she would be referred to a psychiatrist. As a result, Shoaf stated she was unable to attend the rescheduled May 19, 2015 hearing.

On May 20, 2015, the trial judge wrote Shoaf a letter that stated that the hearing would be postponed until August 18, 2015. The letter stated that if Shoaf or an attorney representing her were not present in court on that date, the trial court would enter judgment against Shoaf in the amount of $8,000. The letter indicated the trial court would not entertain any further continuances or delays.

The day before the rescheduled August 18, 2015 hearing, Shoaf sent the trial judge a letter that stated she suffers from agoraphobia and she was unable to attend the hearing. Shoaf also stated she could not afford an attorney. Additionally, Shoaf enclosed a letter from her psychiatrist, which stated Shoaf was undergoing treatment for agoraphobia, and she would begin individual therapy to address her anxiety and panic problems. The letter stated that any travel beyond 10 minutes from Shoaf's home would adversely affect her ability to present her case based on the intensity of her symptoms and that any reasonable accommodations would be appreciated.

The trial court convened the hearing on August 18, 2015. Shoaf did not appear. The trial court indicated its receipt of Shoaf's letters. Counsel for the Commonwealth appeared and objected to the letters, but the trial court did not rule on the objection. Instead, the trial court showed the letters it received from Shoaf and her physicians to counsel for the Commonwealth. Counsel for the Commonwealth also presented recent photographs of the condition of the dilapidated garage on Shoaf's property.

Ultimately, the trial court upheld the $8,000 fine plus costs, and it issued a "form" order to that effect the same day. In the order a checked box stated: "DEFENDANT FAILED TO APPEAR. APPEAL IS DISMISSED AND JUDGMENT IS ENTERED ON THE JUDGMENT OF THE ISSUING AUTHORITY PURSUANT TO PA. RULES OF CRIMINAL PROCEDURE 462 (D)." C.R., Item #10.

6

Shoaf again appealed to this Court, and the trial court again issued a brief opinion in support of its order.

On appeal, this Court determined, despite our instructions, neither on the record at the remand hearing nor in its order or subsequent opinion did the trial court make a determination as to whether Shoaf had cause for her absence at the April 2014 hearing.

Further, the trial court held the remand hearing on August 18, 2015. Shoaf did not appear. The trial court upheld the fine of $8,000, plus costs, and it issued an order dismissing Shoaf's appeal and entering judgment against her. However, despite acknowledging receipt of the letters from Shoaf and her physicians, neither on the record at the remand hearing nor in its order or subsequent opinion did the trial court indicate whether Shoaf had cause for her absence from the August 2015 hearing. See C.R., Item #13, Summary Appeal Hearing, N.T., 8/18/15, at 1-7; C.R., Item #10 (Tr. Ct. Order, 8/18/15); C.R., Item #14 (Tr. Ct., Slip Op., 11/4/15). As a result, this Court again remanded for a hearing to determine whether Shoaf had cause for her failure to appear at the August 2015 hearing. Shoaf II. We again explained that, if the trial court determined Shoaf had cause for failing to appear, it had to provide Shoaf with a trial *de novo* on the merits.

On remand, the trial court scheduled a *de novo* hearing for November 11, 2016, which was later postponed until January 31, 2017. Shortly before the rescheduled hearing, Shoaf sent the trial court another letter, and she attached a letter from her physician. Again, she failed to appear for the hearing. Further,

Shoaf did not contact the trial court prior to the hearing. N.T., 1/31/17, at 3. Thus, the trial court issued an order dismissing Shoaf's summary appeal based on her failure to appear. Shoaf filed a notice of appeal to this Court.

In its subsequently filed opinion, the trial court determined the letter from Shoaf's physician did not provide good cause for her absence from the hearing. More particularly, the letter, dated October 25, 2016, from Rudolph Antoncic, II, M.D., stated, in relevant part (with emphasis added):

> [Shoaf] has been asked to follow-up with a psychiatrist and psychotherapist … but has not been seeing the therapist because she does not have money to pay for this. She is not on any psychiatric medications that have been offered to her. … [Shoaf] does have capacity to make medical decisions for herself …. [Shoaf] has been provided with notes from this office excusing her absence since 2014 and at this point it seems excessive to continue this without resolution.

Tr. Ct., Slip Op., 4/10/17, at 3; C.R. Item #26.

Based on the statements in this letter, the trial court noted that Shoaf's physician stated that Shoaf is not seeing a therapist and is not on the psychiatric medications that were offered to her. Moreover, Shoaf's physician opined it was time for resolution of this matter. The trial court explained that a new trial should be granted when good cause for the absence is provided. Commonwealth v. Marizzaldi, 814 A.2d 249 (Pa. Super. 2002). Here, the trial court stated, resolution of this case was delayed for almost three years, and the Borough appeared at each of the scheduled *de novo* hearings. The trial court stated that, despite Shoaf's physical and mental health issues, at some point she had to appear for the hearing. Because

8

Shoaf did not show cause for her failure to appear at the January 31, 2017 *de novo* hearing, the trial court stated, it properly dismissed her summary appeal. This matter is again before us for disposition.

On appeal,[2] Shoaf argues, despite the fact that she provided the trial court with a letter from her physician regarding her absence from the rescheduled hearing, the trial court dismissed her appeal without regard for her ongoing and worsening condition.[3]

After reviewing the record, the parties' briefs, and the law in this area, we see no need to elaborate on the trial court's thoughtful opinion. The issue presented was ably resolved in the opinion of the Honorable Lester G. Nauhaus. Therefore, we affirm on the basis of the trial court's opinion in the matter of Commonwealth of Pennsylvania v. Charles Shoaf & Evelyn Shoaf (No. CL/SA 2791 of 2013, filed April 10, 2017) (C.P. Allegheny).

---

[2] Our review is limited to determining whether the trial court committed an error of law and whether the trial court's findings are supported by competent evidence. Commonwealth v. Dixon, 66 A.3d 794 (Pa. Super. 2013).

[3] Shoaf also asserts that, contrary to a statement in the trial court's opinion, the initial postponement of the hearing after this Court's remand was at the request of counsel for the Commonwealth. Regardless of whether the remand hearing was initially postponed, Shoaf does not dispute she had notice of and did not appear for the hearing held on January 31, 2017.

As to the merits, Shoaf asserts she is unable to afford the necessary repairs or the $8,000 fine. She also claims her property was singled out as violative of the ordinance based on a complaint, despite the fact that other nearby structures are in similar condition. Because we discern no error in the trial court's determination that Shoaf lacked good cause for her absence at the remand hearing, we do not reach these issues.

ROBERT SIMPSON, Judge

Judge McCullough did not participate in the decision in this case.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Shoaf (Deceased) :
and Evelyn Shoaf, :
                Appellants :   No. 224 C.D. 2017
                   :
             v. :
                   :
Commonwealth of Pennsylvania :

## **O R D E R**

**AND NOW**, this 29th day of November, 2017, the order of the Court of Common Pleas of Allegheny County is **AFFIRMED** upon the opinion of the Honorable Lester G. Nauhaus in <u>Commonwealth of Pennsylvania v. Charles Shoaf & Evelyn Shoaf</u> (No. CL/SA 2791 of 2013, filed April 10, 2017) (C.P. Allegheny).

 

 

                                   _____

                                   ROBERT SIMPSON, Judge