J-S68043-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JANET BRUNERMER | : | |
| | : | |
| Appellant | : | No. 1219 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 24, 2019
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-SA-0000075-2018

BEFORE: GANTMAN, P.J.E., LAZARUS, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY GANTMAN, P.J.E.: **FILED JANUARY 17, 2020**

Appellant, Janet Brunermer, appeals *pro se* from the judgment of sentence entered in the Armstrong County Court of Common Pleas, after the trial court found her guilty of violating Apollo Borough Ordinance 272-16, Article 4(a) ("the zoning ordinance"), requiring property owners to register vacant buildings. We dismiss the appeal as untimely filed.

The relevant facts and procedural history of this case are as follows. Apollo Borough issued a citation to Appellant on July 31, 2018, and a magisterial district judge subsequently convicted her of violating the zoning ordinance. Appellant timely filed a notice of appeal from the summary conviction, and the Court of Common Pleas conducted a trial *de novo* on June

---

[*] Retired Senior Judge assigned to the Superior Court.

24, 2019. That same day, the trial court found Appellant guilty of violating the zoning ordinance and ordered her to pay a fine and costs. Appellant filed a *pro se* motion to reconsider the guilty verdict on July 5, 2019, which the trial court denied on July 9, 2019. On August 7, 2019, Appellant filed a *pro se* notice of appeal.

As a prefatory matter, "Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace." **Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa.Super. 2014). "This Court can raise the matter *sua sponte*, as the issue is one of jurisdiction to entertain the appeal." **Id.** This Court has no jurisdiction to entertain an untimely appeal. **Commonwealth v. Patterson**, 940 A.2d 493, 497 (Pa.Super. 2007), *appeal denied*, 599 Pa. 691, 960 A.2d 838 (2008). "[T]he notice of appeal…shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a).

"[P]ursuant to Pa.R.Crim.P. 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions." **Commonwealth v. Dixon**, 66 A.3d 794, 797 (Pa. Super. 2013). Rule 720 provides, in pertinent part:

> **Rule 720. Post-Sentence Procedures; Appeal**
>
> \* \* \*
>
> **(D) Summary Case Appeals.** There shall be no post-sentence motion in summary case appeals following a trial *de novo* in the court of common pleas. The imposition of sentence immediately following a determination of guilt at

the conclusion of the trial *de novo* shall constitute a final order for purposes of appeal.

Pa.R.Crim.P. 720(D).  Thus, under the plain language of the rule, "The time for appeal in summary cases following a trial *de novo* runs from the imposition of sentence." **Id.**, *Comment—Miscellaneous*.

Instantly, following Appellant's trial *de novo*, the appeal period began to run from June 24, 2019, when the trial court imposed sentence.  **See id.** Appellant's motion for reconsideration did not toll the thirty-day appeal period. Therefore, Appellant filed an untimely notice of appeal on August 7, 2019, more than thirty days after the imposition of sentence.  **Id.**; Pa.R.A.P. 903(a). Accordingly, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/2020