J-S04038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BARBARA C. GONCALVES | : | |
| | : | |
| Appellant | : | No. 930 EDA 2023 |

Appeal from the Judgment of Sentence Entered March 13, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-SA-0000340-2022

BEFORE: BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY LANE, J.:　　　　　　　　　　　**FILED APRIL 23, 2024**

Barbara C. Goncalves ("Goncalves") appeals *pro se* from the judgment of sentence imposed following her summary conviction for duties at stop signs.[1]  We affirm.

In February 2022, Goncalves stopped at a stop sign but failed to yield the right-of-way to an approaching vehicle, forcing the other vehicle off the roadway.  The other driver reported the incident to police, and Officer Christopher Pfancook issued a citation to Goncalves.  After Goncalves pleaded not guilty to the citation, the matter proceeded to a hearing before a magisterial district judge in November 2022.  Despite receiving notice of the

---

[1] *See* 75 Pa.C.S.A. § 3323(b).

hearing,[2] Goncalves failed to appear. Accordingly, the magisterial district judge found Goncalves guilty *in absentia* of the summary offense and entered a judgment of sentence imposing a $25.00 fine plus costs.

Goncalves filed a timely *pro se* notice of appeal to the court of common pleas. The matter was scheduled for a trial *de novo* at 9:00 a.m. on March 13, 2023. At the designated time for the scheduled trial *de novo*, the attorney for the Commonwealth and Officer Pfancook were present; however, Goncalves failed to appear. *See* N.T., 3/13/23, at 2. Accordingly, after the case was called and the Commonwealth moved for dismissal, the trial court entered an order dismissing the appeal. *Id*.

Later that morning, Goncalves appeared at the courthouse and had an outburst in the courtroom hallway. The trial court conducted a brief contempt hearing at which a member of the judge's staff testified that she saw Goncalves in the courthouse hallway at approximately 10:01 a.m. *Id*. at 3. The staff member informed Goncalves that her appeal had already been dismissed and that Officer Pfancook had left the courthouse. *Id*. Goncalves then called the staff member "a f\*\*king bitch," and yelled "f\*\*k you, you f\*\*king bitch several times going down the hallway . . . [y]elling all the way down the hallway [so] that other people in this courthouse heard it as well."

---

[2] Goncalves does not dispute that she received notice of the hearing and concedes that the citation was mailed to her mailing address. *See* Goncalves' Brief at 6.

- 2 -

*Id*. at 3-4. Goncalves apologized for her conduct and informed the court that her husband had just died and that she had been screaming at people since his death. *Id*. at 4-5. At the conclusion of the hearing, the trial court accepted her apology and indicated its decision not to hold her in contempt. *Id*. at 5.

Goncalves filed a timely notice of appeal to this Court. The trial court ordered Goncalves to file of record a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal within twenty-one days.[3] Goncalves did not comply with that directive. The trial court issued a Rule 1925(a) opinion in which it concluded, *inter alia*, that Goncalves' appeal was appropriately dismissed due to her failure to appear for the trial *de novo*. **See** Trial Court Opinion, 5/19/23, at 2.

In her brief, Goncalves purports to raise the following issues for our review:

1. Is there a stop line at the alleged intersection of failure to yield right of way?

2. Was Officer Pfancook present when the offense was committed?

3. Was Officer Pfancook present at the scene when the ticket was issued?

4. Was the complainant or Officer Pfancook able to prove an offense was committed?

---

[3] The trial court docket reflects the date the order was received in the clerk's office, the date appearing on the order, the date and manner of service of the order, and that the order was promptly served on Goncalves. **See** Pa.R.Crim.P. 114(B)(1), (C)(2). However, we decline to find waiver because the order did not comply with Pa.R.A.P. 1925(b)(3)(iii).

5. Should we allow common citizens to issue stop traffic tickets without the police officer being present and/or witnessing the violation?

6. And lastly, did officer Pfancook issue a ticket, which affect [*sic*] a driver [*sic*] driving record for three to five years, with enough proof and evidence that . . . Goncalves was guilty beyond a reasonable doubt?

Goncalves' Brief at 5-6.

Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. ***See Commonwealth v. Lutes***, 793 A.2d 949 (Pa. Super. 2002). The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion. ***See Commonwealth v. Parks***, 768 A. 2d 1168, 1171 (Pa. Super. 2001).

Initially, we must determine whether this Court has jurisdiction to address the issues presented by Goncalves. Pennsylvania Rule of Criminal Procedure 462 governs *de novo* trials following the appeal of a summary conviction. When a defendant appeals the entry of a conviction by an issuing authority in a summary proceeding, the case shall be heard *de novo* by a judge of the court of common pleas sitting without a jury. ***See*** Pa.R.Crim.P. 462(A). The attorney for the Commonwealth may appear and assume charge of the prosecution. ***See*** Pa.R.Crim.P. 462(B). In appeals from summary proceedings arising under the Vehicle Code, the law enforcement officer who

observed the alleged offense must appear and testify. *See* Pa.R.Crim.P. 462(C). A continuance of a trial *de novo* may be granted in summary cases provided the identity of the moving party and the reasons for the continuance are stated of record. *See* Pa.R.Crim.P. 106(C).

If the defendant fails to appear for a trial *de novo*, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority. *See* Pa.R.Crim.P. 462(D). The Comment to Rule 462 explains that "[p]aragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo.*" Pa.R.Crim.P. 462, Comment. Therefore, before a trial court may dismiss a summary appeal for failure to appear, the court must ascertain whether the absentee defendant had cause for the absence. *See Commonwealth v. Dixon*, 66 A.3d 794, 796 (Pa. Super. 2013). If good cause is established, the defendant is entitled to a new summary trial *de novo*. *Id*.

Unfortunately, the "without cause" inquiry often falls to this Court to conduct in the first instance:

> The problem that arises in these types of cases is that, for a quite obvious reason, trial courts often dismiss the appeals without inquiring into whether the absentee defendant had good cause: the person who could offer cause for the absence is the absent defendant himself. In other words, there is no one present in the courtroom whom the trial judge can question regarding the reasons for the absence. Moreover, pursuant to Pa.R.Crim.P. 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions. The trial court cannot question an absent defendant regarding the cause of the absence, and the

- 5 -

defendant cannot file post-sentence motions to explain the absence. Consequently, this Court often must address the necessary cause inquiry arising from Pa.R.Crim.P. 462 in the first instance. This is precisely the task that we face in the instant matter.

*Id*. at 796-97.

Given this conundrum, the **Dixon** Court concluded that a new trial *de novo* is required when:

(1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant **presents an affidavit on appeal** that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary.

*Id*. at 797 (emphasis added) (interpreting **Commonwealth v. Marizzaldi**, 814 A.2d 249 (Pa. Super. 2002) (remanding for a new trial *de novo* where the appellant attached an affidavit to his appellate brief indicating that his absence was not voluntary)).

In the instant matter, the transcript reflects that, prior to dismissing her appeal, the trial court did not make a finding on the record as to whether Goncalves' absence was without cause. **See** N.T., 3/13/23, at 2.[4] As such, Goncalves was required to provide this Court with an affidavit presenting at

---

[4] As indicated above, the trial court conducted a brief hearing on the record approximately one hour **after** the appeal had been dismissed; however, that hearing appears to have been solely to address whether Goncalves should be held in contempt due to her outburst in the courtroom hallway.

least a *prima facie* demonstration that her absence from the trial *de novo* was involuntary. **See Dixon**, 66 A.3d at 797.

Goncalves has not attached to her appellate brief a sworn affidavit attesting that her failure to appear at the trial *de novo* was involuntary.[5] Thus, while we acknowledge Goncalves' hardships, we cannot grant her relief. **See Dixon**, 66 A.3d 797; **see also Commonwealth v. Maslonek**, 262 A.3d 457 (Pa. Super. 2021) (unpublished memorandum) (following **Dixon**'s requirement that the appellant must present a sworn affidavit on appeal and noting that, even if accepted as true, the unsworn averments in the appellate brief were insufficient to warrant relief); **Commonwealth v. Cogley**, 219 A.3d 259 (Pa. Super. 2019) (unpublished memorandum) (following **Dixon** and noting that the appellant did not include an affidavit with his brief to explain his absence from the trial *de novo*).[6]

Judgment of sentence affirmed.

---

[5] Goncalves concedes that she was aware of the time, date, and location of the hearing. Indeed, Goncalves states in her brief that she "was present at the hearing but was not her [*sic*] right mind and had a mental breakdown outside the court room [*sic*] because her husband subsequently died four days before the hearing." Goncalves' Brief at 7. Although Goncalves attached to her brief a "Verification of Death" form indicating the date of death for an individual named "Paul Frisco Mitchell" as March 8, 2023, without a sworn affidavit from Goncalves attesting that Mitchell was her husband and indicating why his death rendered her failure to appear at the trial *de novo* involuntary, this Court cannot grant her relief.

[6] Unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value. **See** Pa.R.A.P. 126(b).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/23/2024</u>