J-A29022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH LAMONT SANDERS | : | |
| | : | |
| Appellant | : | No. 414 WDA 2025 |

Appeal from the Judgment of Sentence Entered March 14, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0001688-2024

BEFORE:  OLSON, J., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED: March 17, 2026**

Appellant, Keith Lamont Sanders, appeals *pro se* from the judgment of sentence entered on March 14, 2025.  We affirm.

The trial court ably summarized the facts and procedural posture of this appeal:

> [Appellant] filed a summary appeal from his magisterial district court conviction for disorderly conduct, in violation of [18 Pa.C.S.A. § 5503(a)(1).]  The [trial *de novo*] date of March 14, 2025, at 8:15 a.m., was conspicuously hand-written on the notice of appeal form by Department of Court Records personnel and a copy was provided to [Appellant].  The location of the [trial *de novo*] and the Court's telephone number [were] also on the notice of appeal.
>
> On March 14, 2025, [Appellant] failed to appear for the [trial *de novo*] and the [arresting] officer did appear.  . . .
>
> During the [March 14, 2025 trial *de novo*, West Mifflin Police Officer Tommy Trieu] testified that on December 19, 2024, he was dispatched to investigate a disturbance at a bar.

[Appellant] was in the bar arguing with customers and refused to leave. [Appellant] said he was going to shoot the person who was across the bar. Officer Trieu told [Appellant] to leave the bar, but [Appellant] refused to comply. [Appellant] caused a huge scene as Officer Trieu escorted him outside; he was constantly yelling at the patrons and Officer Trieu. [The trial court] found that Officer Trieu's testimony established disorderly conduct, and since [Appellant] failed to appear at the scheduled [trial *de novo*,] his summary appeal was dismissed. [**See** Trial Court Order, 3/14/25, at 1 (declaring: "[Appellant] failed to appear. Appeal is dismissed and judgment is entered on the judgment of the issuing authority pursuant to Pa. Rules of Criminal Procedure 462(D)")].

Trial Court Opinion, 5/22/25, at 1-3 (citations omitted).

On March 14, 2025, the trial court sentenced Appellant to pay a fine of $100.00, plus costs. Trial Court Order, 3/14/25, at 1. Appellant filed a timely notice of appeal. He raises two claims to this Court:

[1.] [Appellant's] absence from the [trial *de novo*] was for good cause.

[2.] The evidence does not support a conviction under 18 Pa.C.S.A. § 5503(a)(1).

Appellant's Brief at 6-7.[1]

First, Appellant claims that the trial court erred when it dismissed his summary appeal and that the trial court should have granted him "a continuance or other relief." **See** Appellant's Brief at 7. This claim fails.

"Our standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of

---

[1] For ease of discussion, we have renumbered Appellant's claims on appeal.

law has been committed and whether the findings of fact are supported by competent evidence." ***Commonwealth v. Marizzaldi***, 814 A.2d 249, 251 (Pa. Super. 2002). "The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion." ***Id.*** (quotation marks omitted).

In relevant part, Pennsylvania Rule of Criminal Procedure 462 provides:

> (A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.
>
> . . .
>
> (D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa.R.Crim.P. 462.

The comment to Rule 462 declares: "Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial *de novo*." Pa.R.Crim.P. 462 cmt. "Therefore, before a summary appeal may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had adequate cause for his absence." ***Commonwealth v. Dixon***, 66 A.3d 794, 796 (Pa. Super. 2013). "In the event that good cause is established, the defendant is entitled to a new summary trial." ***Id.***

Yet, as this Court has explained:

The problem that arises in these types of cases is that, for a quite obvious reason, trial courts often dismiss the appeals without inquiring into whether the absentee defendant had good cause: the person who could offer cause for the absence is the absent defendant himself. In other words, there is no one present in the courtroom whom the trial judge can question regarding the reasons for the absence. Moreover, pursuant to Pa.R.Crim.P. 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions. The trial court cannot question an absent defendant regarding the cause of the absence, and the defendant cannot file post-sentence motions to explain the absence. Consequently, [the Pennsylvania Superior] Court often must address the necessary cause inquiry arising from Pa.R.Crim.P. 462 in the first instance.

*Dixon*, 66 A.3d at 796-797.

In *Dixon*, this Court held that, following the dismissal of a summary appeal under Rule 462(D), a new trial is required when: "(1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary." *Dixon*, 66 A.3d at 797.

In the case at bar, Appellant did not file an affidavit with this Court explaining the reason he failed to appear for the March 14, 2025 trial *de novo*. Nevertheless, he presented his excuse to the trial court in his concise statement of errors complained of on appeal and the trial court concluded that the proffered excuse did not provide "adequate cause for [Appellant's] absence." *See Dixon*, 66 A.3d at 796. As the trial court explained:

On April 22, 2025, [Appellant] was ordered to file a [Rule] 1925(b) concise statement of errors complained of on appeal. . . . In the [Rule 1925(b) statement, Appellant stated] that he was absent from the [March 14, 2025 trial *de novo*] due to the terminal illness and death of his niece, and that [the trial court] should have granted a continuance.

. . .

[Appellant's proffered excuse] fails to provide good cause for [his] nonappearance. . . . The record does not establish that he contacted the [trial] court before the [trial] to request a continuance. Additionally, his reason for the nonappearance is too vague to provide good cause.

Trial Court Opinion, 5/22/25, at 2.

The trial court's factual finding is supported by the record and was within its discretion. **See Commonwealth v. Cook**, 231 A.3d 913, 919 (Pa. Super. 2020) ("an abuse of discretion occurs only where the trial court has reached a conclusion that overrides or misapplies the law, or when the judgment exercised is manifestly unreasonable, or is the result of partiality, prejudice, bias or ill-will"). As such, the trial court's factual finding is binding on this Court. **See Marizzaldi**, 814 A.2d at 251 ("[o]ur standard of review from an appeal of a summary conviction heard *de novo* by the trial court is limited to a determination of whether an error of law has been committed and whether the findings of fact are supported by competent evidence. The adjudication of the trial court will not be disturbed on appeal absent a manifest abuse of discretion") (quotation marks and citations omitted). Appellant's claim that the trial court should have should have granted him "a continuance or other relief" thus fails. **See** Appellant's Brief at 7.

- 5 -

Second, Appellant claims that the evidence was insufficient to support his disorderly conduct conviction. **See** Appellant's Brief at 6-7. However, in this case, even though the trial court heard testimony from Officer Trieu on March 14, 2025, the trial court dismissed Appellant's summary appeal due to Appellant's failure to appear and "enter[ed] judgment . . . on the judgment of the issuing authority." **See** Trial Court Order, 3/14/25, at 1; **see also** Pa.R.Crim.P. 462(D).[2] Further, as this Court has explained, the trial court was within its discretion when it concluded that Appellant did not provide good cause to justify his nonappearance at the March 14, 2025 trial *de novo*. Therefore, Appellant's second claim on appeal also fails.

_____

[2] Moreover, we note that the trial court found Officer Trieu credible and his testimony was sufficient to support the conviction of disorderly conduct. Under the applicable statute, "A person is guilty of disorderly conduct if, with the intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (1) engages in fighting or threatening, or in violent or tumultuous behavior…". 18 Pa.C.S. § 5503(a)(1). As found by the trial court,

> Officer Trieu…testified that…he was dispatched to investigate a disturbance at a bar. [Appellant] was in the bar arguing with customers and refused to leave. [Appellant] said he was going to shoot the person who was across the bar. Officer Trieu told [Appellant] to leave the bar, but he refused willingly to comply. [Appellant] caused a huge scene as Officer Trieu escorted him outside; he was constantly yelling at the patrons and Officer Trieu.

Trial Court Opinion, 5/22/25, at 3 (citations omitted). We agree that Officer Trieu's testimony supports the conviction of disorderly conduct. **See Commonwealth v. Reynolds**, 835 A.2d 720, 731 (Pa. Super. 2003) (Threatening bar patron with a gun is sufficient to convict for disorderly conduct). **See also Commonwealth v. Fedorek**, 946 A.2d 93, 100-101 (Pa. 2008) (Evidence was sufficient to support disorderly conduct conviction when defendant shouted fighting words at an individual).

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 03/17/2026