COMMONWEALTH of Pennsylvania,

v.

Timothy S. LOWE, Appellant.

Superior Court of Pennsylvania.

Argued Feb. 26, 1997.
Filed July 28, 1997.

Jan Medoff, Pittsburgh, for appellant.

---

Sandra Preuhs, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before BECK, FORD ELLIOTT and HESTER, JJ.

FORD ELLIOTT, Judge.

On appeal, we are asked to resolve the question, whether in a hearing on a summary appeal *de novo*, at which the defendant fails to appear, the trial court may properly find the defendant guilty when the Commonwealth presents no evidence and merely rests on the record. We affirm.

Instantly, Timothy Lowe appeals the sentence imposed on July 29, 1996, in the Court of Common Pleas of Allegheny County, subsequent to his conviction for driving while operating privilege is suspended or revoked (DUI related), in violation of 75 Pa.C.S. § 1543(B). Lowe (hereinafter appellant) had apparently been issued a citation for this vehicle code violation on March 15, 1996.

Appellant was initially adjudged guilty by a district justice. He then appealed his conviction to the Court of Common Pleas of Allegheny County, which scheduled a trial *de novo* for July 29, 1996. Appellant did not appear for trial, and in his absence, the court found him guilty; no testimony was presented.

The following is a complete reproduction of the trial transcript:

ASSISTANT DISTRICT ATTORNEY: The defendant is not present in court. The Commonwealth would rest on the record.

THE COURT: The defendant is found guilty. The appeal is dismissed.

Notes of testimony, 7/29/96.

Appellant contends that the court erred in not requiring the Commonwealth to present its case in his absence before a finding of guilt. Our resolution of this issue requires consideration of two rules of criminal procedure: Rule 86, Appeals from Summary Judgments, and Rule 1117, Presence of the Defendant, both of which address the failure to appear at a summary appeal.

Rule 86(a) specifies the manner of taking a summary appeal.

(a) When an appeal is authorized by law in a summary proceeding, including a prosecution for violation of a municipal ordinance which provides for imprisonment upon conviction or upon failure to pay a fine, *an appeal shall be perfected by filing a notice of appeal within 30 days after the conviction or other final order from which the appeal is taken and by appearing in the court of common pleas for the trial de novo. The notice of appeal shall be filed with the clerk of courts.*

Pa. R.Crim. P., Rule 86(a), 42 Pa.C.S.A. (emphasis added).

Rule 86(f) provides a defendant is entitled to a trial *de novo* on appeal from a summary conviction.

(f) When a defendant appeals after conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard de novo by the appropriate division of the court of common pleas as the president judge shall direct. In appeals from summary proceedings arising under the Vehicle Code or local traffic ordinances, other than parking offenses, the law enforcement officer who observed the alleged offense must appear and testify. Unless the presence of the law enforcement officer is waived in open court by the defendant, the failure of the officer to appear and testify shall result in a dismissal of the charges.

Pa. R.Crim. P., Rule 86(f), 42 Pa.C.S.A.

Rule 1117(c) provides that if the defendant does not appear for trial *de novo*, judgment against him is proper.

(c) In a summary case appealed for a trial de novo, if the defendant fails to appear as required by Rule 86, *the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.*

Pa. R.Crim. P., Rule 1117(c), 42 Pa.C.S.A. (emphasis added).

What is clear from the interplay of the above provisions is that in order to perfect an appeal from a summary conviction, a defendant must file a timely notice of appeal *and* must appear for the trial *de novo*. Failure to appear for the trial *de novo* allows the trial court to dismiss the appeal and re-enter a judgment on the finding of guilt by the issuing authority.

Relying on *Commonwealth v. Toner*, 444 Pa.Super. 30, 663 A.2d 202 (1995), appellant contends that cursory dismissal of the appeal has been found to be improper. We find *Toner* to be clearly distinguishable. In *Toner*, the defendant pled guilty to the offense of public drunkenness before the magistrate and was sentenced. The defendant timely appealed the conviction and appeared for the trial *de novo*. The court refused to hold a *de novo* review of the matter, instead summarily dismissing the appeal, relying on the defendant's guilty plea. On appeal, we reversed and remanded for a new trial.

The holding of *Toner* requires that a trial *de novo* on a summary appeal must be just that—a new trial on the summary charge. What distinguishes *Toner* from the instant case is that the defendant in *Toner* perfected his summary appeal by appearing for the trial *de novo*. Instantly, appellant having failed to appear for his trial *de novo*, the trial court, pursuant to Rule 1117(c),[1] was permitted to dismiss the appeal and re-enter the judgment on the summary conviction.

Appellant also posits that he is entitled to the relief afforded by Rule 86(f) and argues that a conflict exists between 86(f) and 1117(c). We disagree. Rule 86(f) allows for the dismissal of charges in Vehicle Code violation cases if the police officer fails to appear at the trial *de novo*.[2] Appellant asserts that this requires that the Commonwealth put on its case at trial in such cases, and therefore the Rule 1117(c) summary dismissal is in conflict with this provision.

However, appellant's reliance on 86(f) presupposes that he perfected his summary appeal and was therefore entitled to a *de novo* trial. As set forth above, Rule 1117(c) provides the proper result of dismissal of the appeal where appellant fails to perfect it.

In conclusion, the juxtaposition of Rule 86(a) and Rule 1117(c) establishes that the penalty for failing to satisfy both elements of perfecting a summary appeal, notice and an appearance, exposes a defendant to the peril of dismissal of his appeal. On the basis of the rationale set forth above, we conclude that the trial court did not err in dismissing appellant's summary appeal and reinstating the summary conviction.

The judgment of sentence is affirmed.

---

1. In 1994, Rule 1117(c) was amended, effective as to all cases filed after January 1, 1995. A comment to amended Rule 1117 instructs that this subsection was added "to make clear that the trial judge may *dismiss a summary case appeal when the judge determines that the defendant is absent without cause* from the trial *de novo*." Pa.R.Crim.P., Rule 1117(c), 42 Pa.C.S.A.

2. The Commonwealth requests this appeal be quashed for failure to adhere to the rules of appellate procedure. *See* Pa. R.A.P. 2119, 42 Pa.C.S.A. In the alternative, the Commonwealth requests remand in order to determine whether or not the police officer was present at the hearing. Our resolution of this case, however, does not require an additional hearing.