# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 11 C.D. 2018 |
| | : | Submitted: October 15, 2018 |
| Francine A. Simms, | : | |
| Appellant | : | |

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
HONORABLE MICHAEL H. WOJCIK, Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION BY JUDGE BROBSON      FILED: November 20, 2018

Francine A. Simms (Simms) appeals from an order of the Court of Common Pleas of Westmoreland County (trial court), which dismissed Simms' summary appeal due to her failure to appear at the scheduled trial *de novo*. We now vacate the trial court's order and remand for further consideration by the trial court consistent with this opinion.

On April 28, 2016, Rostraver Township Police issued Simms two citations for (1) driving with a suspended license and (2) improper use of a turning lane, in violation of Sections 1371 and 3331 of the Vehicle Code, 75 Pa. C.S. §§ 1371, 3331. After a summary trial on the matter—at which Simms failed to appear—a magisterial district judge found Simms guilty. Simms appealed the judgment to the trial court.

On May 16, 2017, the trial court held a trial *de novo*. Simms did not attend this trial, nor did she apprise the trial court of her anticipated absence. The transcript of the proceeding provides, in pertinent part:

[Cmwlth]:    Francine Simms, it's Number 364 of 2016.

Judge, she's failed to appear. The officer is here. We would request that the appeal be dismissed.

[TC]:    All right. Is Francine Simms or anyone on her behalf in the courtroom?

Answering not, and seeing that the notice of this hearing was sent to the defendant at her address and not returned, the appeal is dismissed for failure to appear and prosecute the appeal.

(Supplemental Reproduced Record at 2.) By order dated May 16, 2017, the trial court affirmed the judgment of the magisterial district judge and dismissed Simms' appeal. Simms appealed the trial court's order to the Superior Court and, thereafter, motioned to transfer the case to this Court. The Commonwealth did not file an objection to the motion to transfer. By order dated November 21, 2017, the Superior Court granted Simms' motion. The matter is now ripe for disposition in this Court.

On appeal,[1] Simms argues that the trial court erred by dismissing her appeal without first ascertaining whether Simms had good cause for her absence from the trial *de novo*. In a footnote in Simms' brief, Simms' counsel offers the following excuse for Simms' nonappearance: "On or about the date of your Appellant's Summary Appeal hearing she had multiple close family deaths that resulted in her inability to appear in Court or to notify the Court of her circumstances." (Simms' Br. at 5, n.2.) Simms seeks a remand for the trial court to determine whether she had good cause for her nonappearance and, if so, for a new trial. In response, the Commonwealth argues that Simms' proffered reason for her

---

[1] This Court's review of a trial court's determination on appeal from a summary conviction is limited to determining whether there has been an error of law or whether competent evidence supports the trial court's findings. *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1262 n.2 (Pa. Cmwlth. 2002).

absence is unverified and insufficient for the grant of a new trial. Further, the Commonwealth objects to this Court's jurisdiction over the matter, arguing that proper jurisdiction lies with the Superior Court.

Prior to evaluating the merits of Simms' appeal, we must address the Commonwealth's objection to this Court's jurisdiction. The Commonwealth argues that this matter does not fall within this Court's appellate jurisdiction, asserting that the Superior Court has exclusive jurisdiction over appeals arising under the Vehicle Code. Pursuant to Section 742 of the Judicial Code, 42 Pa. C.S. § 742, the Superior Court has jurisdiction over all appeals from orders of common pleas courts unless jurisdiction is vested in this Court under Section 762 of the Judicial Code, 42 Pa. C.S. § 762. After review, we perceive no basis in Section 762 of the Judicial Code upon which we could conclude that this Court has appellate jurisdiction over the trial court's order.

Nonetheless, Pennsylvania Rule of Appellate Procedure 741(a) provides:

> The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

*See also* 42 Pa. C.S. § 704. Here, the Commonwealth raises an objection to jurisdiction for the first time in its brief on the merits. The Commonwealth, therefore, has failed to object to this Court's appellate jurisdiction in a timely manner, thereby waiving the issue. *See Pettko v. Pa. Am. Water Co.*, 39 A.3d 473, 476 n.2 (Pa. Cmwlth.) (holding failure to timely object to jurisdiction results in waiver of issue), *appeal denied*, 51 A.3d 840 (Pa. 2012).

3

Turning to the merits of Simms' appeal, Pennsylvania Rule of Criminal Procedure 462 (Rule 462) governs trials *de novo* following the appeal of a summary conviction. Rule 462 provides, in pertinent part:

> **Rule 462. Trial *De Novo***
>
> (A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.
>
> . . . .
>
> (D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.

Pa. R. Crim. P. 462. The explanatory comment to Rule 462 provides the following with respect to Paragraph (D): "Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal *when the judge determines that the defendant is absent without cause from the trial de novo.*" Pa. R. Crim. P. 462 cmt. (emphasis added). Accordingly, before a summary appeal may be dismissed, "the trial court must ascertain whether the absentee defendant had adequate cause for his absence." *Commonwealth v. Dixon*, 66 A.3d 794, 796 (Pa. Super. 2013). Failure to do so constitutes reversible error. *Commonwealth v. Mesler*, 732 A.2d 21, 25 (Pa. Cmwlth. 1999). In the event that good cause is established, the defendant is entitled to a new trial. *Commonwealth v. Marizzaldi*, 814 A.2d 249, 252-53 (Pa. Super. 2002).

While practice may vary from judicial district to judicial district, it is not uncommon for a common pleas court to list seriately multiple summary appeals for hearing before a single judge on a particular day. Like this case, the failure of a defendant/appellant to appear at the scheduled proceeding will usually elicit an oral

motion from the prosecutor to dismiss the appeal pursuant to Rule 462(D). This places the common pleas court judge in an awkward position, as the Pennsylvania Superior Court explained in *Dixon*:

> The problem that arises in these types of cases is that, for a quite obvious reason, trial courts often dismiss the appeals without inquiring into whether the absentee defendant had good cause: the person who could offer cause for the absence is the absent defendant himself. In other words, there is no one present in the courtroom whom the trial judge can question regarding the reasons for the absence. Moreover, pursuant to [Pennsylvania Rule of Criminal Procedure] 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions. The trial court cannot question an absent defendant regarding the cause of the absence, and the defendant cannot file post-sentence motions to explain the absence.

*Dixon*, 66 A.3d at 796-97. As a consequence, where a common pleas court grants a motion to dismiss for nonappearance at the time of the scheduled hearing, whether a defendant had good cause not to appear is often raised for the first time on appeal to either this Court or to the Superior Court.[2]

In *Commonwealth v. Lowe*, 698 A.2d 607 (Pa. Super.), *appeal denied*, 704 A.2d 1381 (Pa. 1997), the common pleas court entered a guilty verdict against a defendant in a summary appeal under then Pennsylvania Rule of Criminal Procedure 1117(c) (Rule 1117(c)), the predecessor to Rule 462, where the defendant failed to appear for trial. On appeal to the Superior Court, the defendant contended

---

[2] We see nothing in the rules that compels the common pleas court to dismiss, either *sua sponte* or otherwise, a summary appeal on the day of the scheduled trial *de novo* and without the defendant present in the courtroom. It seems to us that the common pleas court could, alternatively, issue an order requiring the defendant to show cause why her nonappearance at the scheduled trial *de novo* should not result in dismissal of her summary appeal pursuant to Rule 462(D). Following this alternative procedure would likely curb, if not eliminate, the few appeals that we and the Superior Court see implicating this issue.

that the common pleas court erred in dismissing the matter without requiring the Commonwealth to present evidence. The Superior Court rejected that contention and affirmed the common pleas court, holding that Rule 1117(c) authorized the common pleas court to dismiss the appeal and re-enter judgment on the summary conviction when the defendant failed to appear.

In *Mesler*, on the day of the scheduled summary appeal hearing, the defendant's attorney was present in the courtroom when the common pleas court called the defendant's case. The defendant, however, was absent from the courtroom at the time. Over the objection of the defendant's counsel, the common pleas court entered an order dismissing the summary appeal under then Rule 1117(c). This Court reversed, holding that the common pleas court failed to assess whether or not the defendant had good cause for his absence, as required by the explanatory comment to the rule. In so doing, this Court acknowledged the Superior Court's decision in *Lowe*, but distinguished it on the facts: "If neither [the appellant] nor his attorney was present when the case was called, the court could conclude that [the appellant] did not intend to appear and prosecute his statutory appeal and it could be summarily dismissed." *Mesler*, 732 A.2d at 25. Because, however, the defendant's counsel was present in the courtroom when the common pleas court judge called the case and objected to its dismissal, the common pleas court in *Mesler* could not conclude that the defendant did not intend to pursue the appeal. Accordingly, under that circumstance, the common pleas court was required to determine whether the defendant had good cause for his nonappearance before dismissing the appeal. *Id.*[3]

---

[3] In addition to the foregoing rationale, the Court also found persuasive former Pennsylvania Rule of Criminal Procedure 2, currently Pennsylvania Rule of Criminal Procedure 101 (Rule 101). *Id.* Rule 101 provides:

In *Marizzaldi*, the defendant appealed a summary conviction *pro se*. The defendant, however, was not present in the courtroom when his case was called. The common pleas court dismissed the case pursuant to Rule 462(D). On appeal, and represented by counsel, the defendant argued that he arrived ten minutes late for his trial, but the matter had already been dismissed due to his absence from the courtroom. He claimed he was delayed because he missed his bus. He further claimed that the common pleas court did not afford him an opportunity to explain his tardiness. These claims by the defendant were set forth in an affidavit attached to his brief on appeal. *Marizzaldi*, 814 A.2d at 251.

A divided three-judge panel of the Superior Court reversed. The appellate court noted first that, because the defendant was precluded by rule from filing post-trial motions, the appellate brief was the defendant's first opportunity to challenge the common pleas court's compliance with Rule 462(D). *Id.* at 252. The appellate court also distinguished *Lowe*, because in *Lowe* the appellant did not argue that he had good cause for his nonappearance; rather, he challenged only the entry of a verdict against him without the Commonwealth's presentation of evidence at the trial *de novo*. *Id.* at 252 n.2. The appellate court reviewed the transcript and record and found no indication that the common pleas court made any determination of the cause or duration of the defendant's absence from the courtroom. For purposes of the appeal, the appellate court accepted as true the allegations in the

---

(A) These rules are intended to provide for the just determination of every criminal proceeding.

(B) These rules shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay.

(C) To the extent practicable, these rules shall be construed in consonance with the rules of statutory construction.

Pa. R. Crim. P. 101.

7

affidavit accompanying the defendant's brief on appeal. The appellate court then found as fact that the defendant's absence from the courtroom was not "voluntary," and, therefore, he should be given an opportunity to present a defense. *Id.* at 253. The court consequently vacated the sentence and remanded for a new trial.

The Honorable Phyllis W. Beck penned a concurring statement. Although Judge Beck agreed with the majority's decision to vacate and remand, she would have remanded only for a hearing on the question of whether the defendant had good cause for his failure to appear at the trial *de novo*. *Id.* at 253 (Beck, J., concurring). She also expressed skepticism that the reason the defendant proffered in his affidavit was a sufficient cause for his nonappearance. *Id.*

In *Commonwealth v. Akinsanmi*, 55 A.3d 539 (Pa. Super. 2012), the defendant appealed the common pleas court's entry of judgment against her *in absentia* pursuant to Rule 462(D). On appeal, she contended that she missed the trial *de novo* because she was out of town, attending a research conference. In response, the Commonwealth argued that absence due to a known and scheduled commitment does not amount to good cause for nonappearance. The Superior Court agreed and affirmed the common pleas court:

> This was not a case of a voluntary absence, nor was it due to unforeseen circumstances. Appellant was attending a research conference. She does not explain why she did not seek a continuance given the scheduled conflict with her hearing. She does not offer any good cause for missing her hearing, other than being at a conference. This is not a good cause, an involuntary absence, or an unforeseen circumstance.

*Akinsanmi*, 55 A.3d at 541.

In *Dixon*, the defendant appealed the common pleas court's dismissal of his summary appeal under Rule 462(D) for nonappearance at the trial *de novo*.

8

Relying on *Marizzaldi*, the defendant argued that because the common pleas court failed to inquire into whether the defendant had good cause for his absence before dismissing the appeal, the appellate court must reverse. As in *Marizzaldi*, the defendant in *Dixon* filed an affidavit with the appellate court, setting forth factual averments in support of his good cause claim. In that affidavit, the defendant explained that he attempted to arrive to the hearing on time, but he was redirected/misdirected to different courthouses by unnamed personnel, ultimately leading to his nonappearance at the correct courtroom. *Dixon*, 66 A.3d at 796.

> In considering the appeal, the Superior Court looked to *Marizzaldi*:
>
>> We understand *Marizzaldi* to require a new trial when: (1) a trial court dismisses a summary appeal without considering whether the absentee defendant had cause to justify the absence; and (2) the absentee defendant presents an affidavit on appeal that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary.

*Id.* at 797. Looking at the allegations in the affidavit, the appellate court held that the defendant failed to make the required *prima facie* showing and affirmed the common pleas court's dismissal:

> Nothing in [the a]ppellant's affidavit indicates that the circumstances causing his absence were beyond his control. Appellant was aware of the time, date, and location of the hearing. Appellant travelled to downtown Pittsburgh, but failed to report to the correct room, which was specified in his court papers. After a period of time, [the a]ppellant went home without making any attempt to contact the court. Appellant's failure to locate the correct room for his hearing does not render his absence involuntary. Therefore, [the a]ppellant has failed in his affidavit to set forth a *prima facie* case of involuntariness sufficient to warrant a new trial pursuant to *Marizzaldi*.

*Id.* at 798.

In *Commonwealth v. Shoaf* (Pa. Cmwlth., No. 868 C.D. 2014, filed February 20, 2015),[4] an elderly defendant appealed the common pleas court's dismissal of her summary appeal pursuant to Rule 462(D), arguing that her son notified the common pleas court that she could not attend the trial *de novo* due to her hospitalization on the date of the trial. *Shoaf*, slip op. at 2. This Court noted that the abbreviated transcript of the common pleas court proceeding confirmed defendant's claim that her son informed the common pleas court of the defendant's hospitalization. Notwithstanding this information, the original record showed that the common pleas court made no further inquiry or finding with respect to whether the defendant had good cause for her nonappearance, as contemplated by Rule 462(D). We held:

> In the absence of any such inquiry or determination, a remand is necessary for a hearing to determine whether [the appellant] had cause for her failure to appear at the scheduled hearing . . . . If the trial court determines [the appellant] had cause for failing to appear, the trial court must provide [the appellant] with a trial *de novo* on the merits.

*Id.* at 3. In doing so, we rejected the Commonwealth's suggestion that the defendant's alleged hospitalization did not amount to good cause, because the defendant could have sought a continuance in advance of the hearing:

> Hypothetically speaking, [the appellant] could have been admitted to the hospital shortly before commencement of the hearing, thus rendering it infeasible for her to seek a continuance in advance of the hearing, as the Commonwealth suggests. The lack of a record concerning the circumstances surrounding [the appellant's] purported hospitalization renders a remand necessary for a

---

[4] *See* Commonwealth Court Internal Operating Procedure § 414(a), 210 Pa. Code § 69.414(a), relating to citation of unreported opinions.

10

> determination of whether [the appellant] had cause for her absence at the hearing.

*Id.* at 3 n.7.

Finally, in *Commonwealth of Pennsylvania v. Bryant* (Pa. Cmwlth., No. 1808 C.D. 2016, filed December 28, 2017), the defendant claimed on appeal that the common pleas court erred in dismissing his summary appeal pursuant to Rule 462(D). In his brief on appeal, the defendant claimed confusion about the trial date and time. We noted the following with respect to the record: "[T]he [original] record provided to this Court does not contain any scheduling orders or notations that indicate Bryant received notice of the correct hearing date." *Bryant*, slip op. at 3, n.2. Consistent with *Shoaf*, we remanded to the common pleas court with direction that it determine whether the defendant had good cause for his nonappearance and, if so, to provide the defendant a trial *de novo* on the merits. *Id.* at 3.

Based on our review and consideration of the foregoing mix of binding and persuasive authority, we hold that an appellant, seeking to set aside a dismissal under Rule 462(D) for failure of a common pleas court to make the necessary good cause determination, must establish the following: (1) that the appealed order was issued pursuant to Rule 462(D); (2) that there is nothing in the original record to indicate that the trial court made the necessary inquiry or determination of good cause for nonappearance prior to entry of the final appealable order; and (3) that either (a) the record on appeal shows that the trial court failed to consider reasons advanced for the nonappearance that may amount to good cause for the defendant's nonappearance, or (b) the defendant advances a justification for his nonappearance on appeal that, if credited by the common pleas court on remand, may amount to good cause for the defendant's nonappearance—*i.e.*, that the nonappearance was not

11

voluntary. If these elements are established, this Court will vacate the common pleas court's order and remand the matter for the good cause determination required by Rule 462(D).

The reason for the first and second elements are obvious. The third element, however, bears additional explanation, because on this point we part company with our sister appellate court's decisions in *Marizzaldi* and *Dixon*. In both of those cases, the Superior Court considered evidence, in the form of affidavits *dehors* the original record. In *Marizzaldi*, the Superior Court, relying on the averments in the affidavit, effectively found that the defendant's failure to appear was not voluntary, vacated the common pleas court's sentence, and remanded for a new trial *de novo*. In *Dixon*, the Superior Court reached the opposite conclusion, finding that the averments in the affidavit failed to make out a *prima facie* showing of good cause, and, therefore, the defendant was not entitled to a new trial.

As a general rule, appellate courts must confine their review of a common pleas court's decision to matters of record. *See, e.g.*, *Erie Indem. Co. v. Coal Operators Cas. Co.*, 272 A.2d 465, 466-67 (Pa. 1971) ("Apparently, the court took into consideration facts alleged in the briefs, but briefs are not part of the record, and the court may not consider facts not established by the record."); *Dep't of Transp. v. Greisler Bros.*, 449 A.2d 832, 834-35 (Pa. Cmwlth. 1982) (holding that party may not expand record on appeal by attaching items *dehors* record to brief on appeal); *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) ("Simply put, if a document is not in the certified record, the Superior Court may not consider it."), *appeal denied*, 916 A.2d 632 (Pa. 2007).[5] Moreover, it is generally the role of an

---

[5] We acknowledge an apparent exception to this general rule in appeals raising ineffective assistance of counsel claims. *See Commonwealth v. Colavita*, 993 A.2d 874, 897-98 (Pa. 2010).

appellate court to review findings of fact on appeal, not to make them. *Commonwealth v. Quiles*, 619 A.2d 291, 301 (Pa. Super. 1993) ("An appellate court does not, in the first instance, make findings of fact and conclusions of law.") (citing *Commonwealth v. Jackson*, 346 A.2d 746 (Pa. 1975)); *Spatz v. Nascone*, 424 A.2d 929, 942 (Pa. Super. 1981) ("Normally, as an appellate court we do not make findings of fact on our own . . . .").

For these reasons, we reject the Commonwealth's contention that in order to prevail in this appeal, Simms had to submit verified factual allegations supporting her claim that her absence from the May 16, 2017 trial *de novo* was not voluntary. To the extent *Dixon* and *Marizzaldi* could be read as requiring supplementation of the record and fact finding by this court sitting in its appellate jurisdiction, we do not find them persuasive. Rather than require the submission of affidavits on appeal and engaging in fact finding, we will instead first look to the original record to determine whether the defendant or the defendant's representative advanced some basis on which the common pleas court could have found good cause, but that the common pleas court failed to consider. *Mesler*; *Shoaf*. Alternatively, and in the absence of such record evidence, we will consider averments of good cause in the defendant's brief on appeal, but only for purposes of determining whether, if true, the defendant may be entitled to a new trial *de novo*. *Bryant; Akinsanmi*. In any event, a remand for a new trial *de novo* is not the appropriate relief on appeal. Instead, we will vacate and remand for the common pleas court to determine whether the defendant had good cause for her

---

We are unaware, however, of any exception to the general rule that would apply in this circumstance, nor do we think one is necessary.

13

nonappearance—*i.e.*, was it voluntary—and if so, to hold a new trial *de novo*. *Bryant; Shoaf*; *Marizzaldi* (Beck, J., concurring); *Mesler*.[6]

Turning now to Simms' appeal, there is nothing in the original record in this case to indicate that Simms, either directly or through a representative, offered any justification for her nonappearance to the common pleas court. In her brief, however, Simms avers that she failed to attend the hearing due to the deaths of multiple relatives. (Appellant's Br. at 5, n.2.) The Commonwealth challenges Simms' proffered excuse, asserting that Simms fails to provide sufficient information or detail on how the deaths impacted her ability to attend the trial. While we agree that Simms' proffered excuse lacks the level of detail we would prefer, we will not strictly hold Simms to the standards set forth for the first time in this opinion. Simms' assertion of multiple deaths in the family at or around the time of the May 16, 2017 trial *de novo* is at least as detailed as the claimed, but also lacking in specificity, hospitalization that this Court accepted in *Shoaf*. As we did in *Shoaf*, we will leave it to the trial court on remand to assess the veracity and details of the allegations in order to determine whether Simms' absence from the trial *de novo* was not voluntary. In future cases, the Court will insist that appellants provide greater detail so the Court can better assess whether, if accepted as true, the allegations would support a good cause determination by the common pleas court.

In sum, the trial court dismissed Simms' summary appeal for failure to appear pursuant to Rule 462(D). Our review of the original record reveals that the trial court did not make an inquiry or determination as to whether Simms had good

---

[6] We will not go so far as requiring the common pleas court to conduct a hearing on the question of good cause, as a hearing would be necessary only if there are genuine issues of material fact that must be resolved in order for the common pleas court to make the good cause determination.

14

cause for her nonappearance before dismissing the summary appeal. Similarly, the record does not establish that Simms or a representative advised the trial court of the reason for her nonappearance. Nonetheless, on appeal to this Court Simms advances a reason for her nonappearance that, upon further inquiry by the trial court, may amount to good cause for her nonappearance. Accordingly, we vacate the order of the trial court and remand the matter with direction that the trial court determine whether Simms had good cause for her failure to appear at the May 16, 2017 trial *de novo* and, if so, to hold a new trial.

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 11 C.D. 2018 |
| | : | |
| Francine A. Simms, | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 20th day of November, 2018, the order of the Court of Common Pleas of Westmoreland County (trial court) is VACATED, and the matter is REMANDED to the trial court for further proceedings consistent with the accompanying opinion.

Jurisdiction relinquished.

_____
P. KEVIN BROBSON, Judge