IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 776 C.D. 2020 |
| | : | Submitted: May 21, 2021 |
| James Edward Burkholder, | : | |
| Appellant | : | |

BEFORE:     HONORABLE MARY HANNAH LEAVITT, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                                    FILED: November 19, 2021

James Edward Burkholder appeals an order of the Court of Common Pleas of Lancaster County (trial court), which dismissed Burkholder's summary appeal due to his failure to appear at the scheduled trial *de novo*. Upon review, we vacate the trial court's order and remand for further proceedings by the trial court consistent with this opinion.

On April 13, 2020, Burkholder filed a summary appeal for three citations issued by the Pennsylvania Dog Warden for (1) failing to maintain accurate records for dogs in the kennel, (2) unlawful interference with law enforcement, and (3) knowingly making false statements, in violation of Sections 207(c), 401(c), and 801 of the Dog Law,[1] 3 P.S. §§459-207(c), 459-401(c), and 459-801.

On July 7, 2020, the trial court held a trial *de novo*. Burkholder did not attend the trial. The transcript of the proceeding provides, in pertinent part:

---

[1] Act of December 7, 1982, P.L. 784, No. 225, *as amended*.

[Commonwealth]: Commonwealth of Pennsylvania versus James Burkholder, Summary Appeal Docket 108 of 2020.

This is the date and time set aside for a summary appeal hearing on the three citations against Mr. Burkholder. He has not appeared this afternoon. I am asking that due to his absence that the summary appeal be dismissed and the sentence of the Magisterial District Court be reinstated.

I will note that service was made on June 19th to Mr. Burkholder at his address. He did sign for the letter from our office, which would have given him the date and time of the hearing.

[Trial Court]: I have copy of the notice that was sent to a Mr. Burkholder dated June 17th and filed in the Clerk of Court's Office notifying him of the date, time and place of the hearing on the appeal he filed from the Magisterial District Judge. He has failed to appear today, therefore, his appeals are dismissed. The ruling and judgment of the Magisterial District Court is reinstated.

Certified Record (C.R.), Item 14, at 2. The same day, the trial court issued a "form" order in which it checked the box that stated: "Appeal Dismissed\[District Judge] Sentence Reinstated\[Defendant] Failed to Show[.] Rule 462D." C.R., Item 5.

Days later, the trial court received a letter from Burkholder, dated and postmarked July 6, 2020. The letter stated: "I am writing to request a continuance for the scheduled hearing as I am out of the state for the rest of the month of July on vacation." C.R., Item 7. The trial court treated the letter as a motion for continuance. The Commonwealth, in response, submitted a certified mail return receipt showing that Burkholder signed for the hearing notice on June 19, 2020, at 10:58 a.m.

By memorandum opinion and order dated July 14, 2020, the trial court denied Burkholder's motion as untimely for the stated reason that Burkholder had ample time to request a continuance but did not do so until July 6, 2020, which the trial court could not have received before the July 7, 2020, hearing, and no emergent

2

circumstances were present to excuse his tardiness. Trial Court Op., 7/14/2020, at 2; C.R., Item 8, at 2.

On August 6, 2020, Burkholder filed a petition to vacate the trial court's July 7, 2020, order[2] and a notice of appeal to this Court. The trial court considered Burkholder's concise statement of errors complained of on appeal and adopted its July 14, 2020, memorandum opinion and order as its PA. R.A.P. 1925(a) opinion.

On appeal,[3] Burkholder argues that the trial court erred in dismissing his appeal without ascertaining "when and how" the hearing notice was sent to him. Burkholder Brief at 8. Burkholder alleges that he did not sign the certified mail return receipt and did not know who signed it. He had been in California from June through July of 2020, and there was no one home at the time who would have signed for the mail. On July 1, 2020, Burkholder was notified by his son in Pennsylvania that a notice for the July 7, 2020, hearing "had been received." Burkholder Brief at 10. On July 6, 2020, Burkholder asked his son to send a request to the trial court for a continuance of the hearing. Burkholder explains that the letter was mailed on July 6, 2020, because "[c]ourts and most government offices were closed on Friday July 3 for the 4th of July Holiday. July 4 was a Saturday. July 5 was a Sunday." *Id*.

The Commonwealth responds that the trial court properly dismissed Burkholder's summary appeal under Pennsylvania Rule of Criminal Procedure 462(D), PA. R.CRIM.P. 462(D). Burkholder's absence from the hearing was without good cause, and despite having actual notice of the hearing by July 1, 2020, Burkholder failed to timely seek a continuance.

---

[2] The trial court did not rule on the petition to vacate.

[3] On review of a trial court's determination on appeal from a summary conviction, this Court determines whether there has been an error of law or whether the trial court has abused its discretion. *Commonwealth v. Spontarelli*, 791 A.2d 1254, 1255 n.2 (Pa. Cmwlth. 2002).

We begin our review with Pennsylvania Rule of Criminal Procedure 462, which governs a trial *de novo* following the appeal of a summary conviction. It provides in pertinent part:

> (A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury.
>
> * * *
>
> *(D) If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority.*

PA. R.CRIM.P. 462 (emphasis added). The explanatory comment to Rule 462 provides the following with respect to Paragraph (D):

> *Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal when the judge determines that the defendant is absent without cause from the trial de novo.* If the appeal is dismissed, the trial judge should enter judgment and order execution of any sentence imposed by the issuing authority.

PA. R.CRIM.P. 462, COMMENT (emphasis added).

Accordingly, before a summary appeal may be dismissed, "the trial court must ascertain whether the absentee defendant had adequate cause for his absence." *Commonwealth v. Dixon*, 66 A.3d 794, 796 (Pa. Super. 2013). Failure to do so constitutes reversible error.[4] *Commonwealth v. Mesler*, 732 A.2d 21, 25 (Pa.

---

[4] This places the trial court in an awkward position. As the Superior Court explained in *Dixon*:

> The problem that arises in these types of cases is that, for a quite obvious reason, trial courts often dismiss the appeals without inquiring into whether the absentee defendant had good cause: the person who could offer cause for the absence is the absent defendant himself. In other words, there is no one present in the courtroom

4

Cmwlth. 1999). In the event that good cause is established, the defendant is entitled to a new trial. *Commonwealth v. Marizzaldi*, 814 A.2d 249, 252-53 (Pa. Super. 2002).

This Court has set forth the following standard for setting aside a dismissal under PA. R.CRIM.P. 462(D):

> [A]n appellant, seeking to set aside a dismissal under Rule 462(D) for failure of a common pleas court to make the necessary good cause determination, must establish the following: (1) that the appealed order was issued pursuant to Rule 462(D); (2) that there is nothing in the original record to indicate that the trial court made the necessary inquiry or determination of good cause for nonappearance prior to entry of the final appealable order; and (3) that either (a) the record on appeal shows that the trial court failed to consider reasons advanced for the nonappearance that may amount to good cause for the defendant's nonappearance, or (b) the defendant advances a justification for his nonappearance on appeal that, if credited by the common pleas court on remand, may amount to good cause for the defendant's nonappearance—*i.e.*, that the nonappearance was not voluntary. If these elements are established, this Court will vacate the common pleas court's order and remand the matter for the good cause determination required by Rule 462(D).

*Commonwealth v. Simms*, 198 A.3d 500, 507 (Pa. Cmwlth. 2018).

---

whom the trial judge can question regarding the reasons for the absence. Moreover, pursuant to [Pennsylvania Rule of Criminal Procedure] 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions. The trial court cannot question an absent defendant regarding the cause of the absence, and the defendant cannot file post-sentence motions to explain the absence.

*Dixon*, 66 A.3d at 796-97.

As a consequence, where a trial court grants a motion to dismiss for nonappearance at the time of the scheduled hearing, whether a defendant had good cause not to appear is often raised for the first time on appeal to either this Court or to the Superior Court. *Commonwealth v. Simms*, 198 A.3d 500, 503-04 (Pa. Cmwlth. 2018).

In *Simms*, the trial court dismissed the defendant's summary appeal under PA. R.CRIM.P. 462(D) when she did not appear at the scheduled trial. On appeal to this Court, the defendant asserted that she did not attend the hearing because of the deaths of several relatives. This Court vacated the trial court's order and remanded the matter with the direction that the trial court determine whether the defendant had good cause for her failure to appear at the trial and, if so, to hold a new trial *de novo*. Although the defendant's proffered explanation lacked "the level of detail" we preferred, we decided to "leave it to the trial court on remand to assess the veracity and details of the allegations in order to determine whether [the defendant's] absence from the trial *de novo* was not voluntary." *Simms*, 198 A.3d at 508. We rejected the Commonwealth's contention that the defendant had to submit an affidavit to this Court to support her claim that her absence from the trial was involuntary. We explained:

> Rather than require the submission of affidavits on appeal and engaging in fact finding, we will instead first look to the original record to determine whether the defendant or the defendant's representative advanced some basis on which the common pleas court could have found good cause, but that the common pleas court failed to consider. *Alternatively, and in the absence of such record evidence, we will consider averments of good cause in the defendant's brief on appeal, but only for purposes of determining whether, if true, the defendant may be entitled to a new trial de novo.*

*Id*. (emphasis added).

6

In *Commonwealth v. Shoaf* (Pa. Cmwlth., No. 868 C.D. 2014, filed February 20, 2015) (unreported),[5] an elderly defendant appealed the trial court's dismissal of her summary appeal under PA. R.CRIM.P. 462(D), arguing that her son notified the trial court that she could not attend the trial *de novo* due to her hospitalization on the date of the trial. The transcript of the trial court proceeding confirmed the defendant's claim that her son informed the trial court of her hospitalization. Nevertheless, the trial court made no inquiry or finding as to whether the defendant had good cause for her nonappearance. This Court vacated the trial court's order and remanded the matter for a hearing to determine whether the defendant had good cause for her failure to appear at the scheduled hearing. In doing so, we rejected the Commonwealth's suggestion that the defendant's hospitalization did not amount to good cause because she could have sought a continuance in advance of the hearing. We reasoned:

> Hypothetically speaking, [the defendant] could have been admitted to the hospital shortly before commencement of the hearing, thus rendering it infeasible for her to seek a continuance in advance of the hearing, as the Commonwealth suggests. The lack of a record concerning the circumstances surrounding [the defendant's] purported hospitalization renders a remand necessary for a determination of whether [the defendant] had cause for her absence at the hearing.

*Shoaf*, slip op. at 3 n.7.

By contrast, in *Commonwealth v. Akinsanmi*, 55 A.3d 539 (Pa. Super. 2012), the defendant appealed the trial court's entry of judgment against her *in absentia* pursuant to PA. R.CRIM.P. 462(D). On appeal, the defendant contended

---

[5] Section 414(a) of the Commonwealth Court Internal Operating Procedures, 210 Pa. Code §69.414(a), provides that an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value.

that she missed the trial *de novo* because she was out of town, attending a research conference. The defendant did not explain why she did not seek a continuance given the scheduled conflict with her hearing. The Superior Court affirmed the trial court and held that the defendant did not present good cause for her failure to appear for the hearing. The purported schedule conflict was not involuntary or due to unforeseen circumstances. *Id.* at 541.

Here, the record shows that the trial court took note that the hearing notice was sent via certified mail to Burkholder's address on June 19, 2020, and the mail return receipt showed Burkholder's signature. The trial court also considered Burkholder's letter sent on July 6, 2020, which stated that Burkholder would be "out of the state for the rest of the month of July on vacation." C.R., Item 7. By memorandum opinion and order of July 14, 2020, the trial court opined that Burkholder's absence for a vacation did not amount to good cause. However, unlike *Akinsanmi*, where the defendant knew of the schedule conflict but did nothing, Burkholder avers that he was in California at the time the hearing notice was mailed to his Pennsylvania residence.[6] Burkholder claims that he did not sign the certified mail return receipt, and there was no one home at the time who would have signed for the mail. But for his son's notification on July 1, 2020, Burkholder would not have had any knowledge of the scheduled hearing. While Burkholder did not immediately request a continuance upon learning of the hearing but waited for five days, this does not negate Burkholder's claim that he had been out of state; did not

---

[6] Pennsylvania Rule of Criminal Procedure 576(B)(2)(e) provides that service on an unrepresented party may be accomplished by "certified, registered, or first-class mail addressed to the party's place of residence, business, or confinement[.]" PA. R.CRIM.P. 576(B)(2)(e). Rule 576(B)(2)(e) does not require personal service on a *pro se* defendant.

receive the hearing notice before he travelled out of state; and was unable to attend the hearing.[7]

      In sum, on appeal to this Court, Burkholder advances a reason for his nonappearance that, if credited by the trial court on remand, amounts to good cause for his nonappearance, *i.e.*, that the nonappearance was not voluntary. *Simms*, 198 A.3d at 507. Accordingly, we vacate the order of the trial court and remand the matter for the trial court to determine whether Burkholder had good cause for his failure to appear at the July 7, 2020, trial *de novo* and, if so, to hold a new trial.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[7] We reject Burkholder's contention that his request for a continuance was "effective as of the date [the letter was] postmarked." Burkholder Brief at 10-11. In support, Burkholder cites the prisoner mailbox rule. *Id*. at 11. Under the prisoner mailbox rule, a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). The prisoner mailbox rule does not apply in the instant matter because Burkholder is not a prisoner.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
       v.     :     No. 776 C.D. 2020
    :
James Edward Burkholder,     :
           Appellant     :

# **O R D E R**

AND NOW, this 19th day of November, 2021, the order of the Court of Common Pleas of Lancaster County (trial court), dated July 7, 2020, in the above-captioned matter is VACATED, and the matter is REMANDED to the trial court for further proceedings consistent with the accompanying opinion.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge Emerita