IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
    v.    :  No. 283 C.D. 2023
    :
William Anderson,    :
    Appellant    :  Submitted:  May 7, 2024

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                FILED:  June 4, 2024

William Anderson (Anderson), *pro se*, appeals from the February 21, 2023 order of the Court of Common Pleas of Allegheny County (trial court), which dismissed Anderson's summary appeal pursuant to Pa.R.Crim.P. 462(D) following Anderson's nonappearance at a *de novo* summary trial.  After review, we affirm the trial court.

## I.  Background

Anderson owns real property located at 912 Sarah Street, West Homestead, Pennsylvania (Property).  On August 4, 2022, the Borough of West Homestead (Borough) sent Anderson a Notice of Violation (Notice) that the condition of the Property violated several sections of the Borough's Municipal Code (Code).[1]  The Notice gave Anderson 30 days to comply with the Code.  After Anderson failed to

---

[1] Section 4-401 of the Code adopted in its entirety the 2009 International Property Maintenance Code (IPMC) as the Borough's official property maintenance code.  W. Homestead, Allegheny Cnty., Pa., Mun. Code § 4-401 (June 8, 2021).  Section 301.2 of the IPMC requires the property owner to maintain the structure and exterior of the property as provided in the Code. Supplemental Reproduced Record (S.R.R.) at 25b.  The property owner may not occupy, or permit another to occupy, a premises that is not in a sanitary and safe condition.  Section 302.1 of the IPMC requires that the exterior of the property be maintained in a clean, safe, and sanitary condition.  *Id.*  Section 304.6 of the IPMC mandates that all exterior walls must be free of holes, breaks, and loose or rotting materials.  *Id.* at 26b.

respond to the Notice, the Borough's Ordinance Officer filed a Private Criminal Complaint (Complaint) with the Magisterial District Judge (MDJ) on October 4, 2022. In addition to the Code violations cited in the Notice, the Complaint alleged that Anderson violated the occupancy requirements of Section 531 of the Code.[2] The MDJ scheduled a hearing on the matter for November 15, 2022, which Anderson failed to attend. The MDJ found Anderson guilty of four Code violations and fined him $1,000 per violation, plus costs.

Anderson appealed to the trial court, which scheduled a *de novo* trial for Tuesday, February 21, 2023. Anderson did not appear. Counsel for the Borough, Stanley Lederman (Lederman), advised the trial court that Anderson requested a continuance at approximately 3:00 p.m. on Friday, February 17, 2023.[3] Lederman was out of the office at the time and his office was closed Monday, February 20, 2023, for President's Day. As a result, Lederman was not aware of Anderson's continuance request until the morning of the scheduled *de novo* trial. Lederman opposed any continuance, as the existing issues with the Property, and Anderson's failure to comply with the Code, had been ongoing for over a decade. The trial court denied Anderson's continuance request.

In support of its Complaint, the Borough submitted several photos of the Property that depicted its dilapidated condition. The Borough expressed particular concern with a crumbling concrete wall set adjacent to the public sidewalk and garbage strewn across the grounds. The Borough asserted that the Property was

---

[2] Section 531 provides for the registration, inspection, Code compliance, and occupancy of residential dwellings located in the Borough. S.R.R. at 28b.

[3] It does not appear that the trial court received Anderson's continuance request prior to the February 21, 2023 hearing. Anderson's request indicates that he had a "pre-scheduled" work event in Atlanta, Georgia. Original Record (O.R.), Item No. 2.

occupied, but that Anderson had not obtained an occupancy permit. At the conclusion of the hearing, the trial court dismissed Anderson's appeal based on his failure to appear and entered the MDJ's judgment on the docket.

Anderson filed a Motion for Post-Trial Relief (Post-Trial Motion), asserting that he was unable to attend the February 21, 2023 hearing because he was scheduled to work in Atlanta, Georgia, that week. Anderson also advised that he had "an appointment to view properties" for his daughter, who was moving to Atlanta later in the year. O.R., Item No. 7. The trial court denied Anderson's Post-Trial Motion, after concluding that Anderson failed to demonstrate good cause for missing the February 21, 2023 *de novo* trial. The trial court noted that Anderson had two-months' notice of the trial date but only attempted to reschedule it a few days prior. This appeal followed.[4]

## II. Issues

Anderson argues that the trial court erred in rejecting his reasons for missing the February 21, 2023 *de novo* trial, and that the Borough failed to meet its burden of establishing the violations alleged in the Complaint.

## III.   Discussion

Pennsylvania Rule of Criminal Procedure 462 (Rule 462) governs the *de novo* trial that follows the appeal of a summary conviction. Rule 462(A) relevantly provides that a summary appeal "shall be heard *de novo* by the [trial court] sitting without a jury." Pa.R.Crim.P. 462(A). Rule 462(D) states that, if the defendant fails to appear, the trial court "may dismiss the appeal and enter judgment." Pa.R.Crim.P. 462(D). The explanatory comment to Rule 462(D) clarifies that a summary appeal

---

[4] Our review is limited to determining whether constitutional rights were violated or whether the trial court abused its discretion or committed an error of law. *Borough of Walnutport v. Dennis*, 114 A.3d 11, 17 n.5 (Pa. Cmwlth. 2015).

may only be dismissed when the trial court determines that the defendant is absent without cause. Thus, the trial court must ascertain whether the absentee defendant had adequate cause for his absence. *Com. v. Simms*, 198 A.3d 500, 503 (Pa. Cmwlth. 2018).

Because a summary appeal is often dismissed for nonappearance at the time of the scheduled trial, whether good cause exists is often raised for the first time on appeal to this Court. *Id.* Therefore, an appellant seeking to set aside a dismissal under Rule 462(D) must establish (1) that the appealed order was issued pursuant to Rule 462(D), (2) that nothing in the original record from the trial court indicates that an inquiry was made to determine whether the defendant had good cause for his nonappearance, and (3) that either (a) the trial court failed to consider reasons advanced by the defendant that may amount to good cause or (b) the defendant advanced a justification for his nonappearance that, if credited by the trial court on remand, may be considered good cause – for example, "that the nonappearance was not voluntary." *Id.* at 507. With respect to (3)(b), the appellant must provide detail that enables this Court to "assess whether, if accepted as true, the allegations would support a good cause determination by the [trial court]." *Id.* at 509. When all three elements are established, this Court will vacate the trial court's order dismissing the summary appeal and remand the matter for a good cause determination under Rule 462(D).

Instantly, after applying the three elements identified in *Simms*, we must reject Anderson's argument that the trial court erred in dismissing his appeal under Rule 462(D). The trial court indicated in its opinion that Anderson's appeal was dismissed pursuant to Rule 462(D). Thus, the first element is established. The second element is also satisfied, as the transcript from the February 21, 2023 *de novo*

4

trial demonstrates that, during the trial, the trial court did not inquire into the reasons for Anderson's nonappearance. Anderson cannot establish the third element in *Simms*, however, as the trial court did consider the explanation Anderson provided in his Post-Trial Motion. The trial court rejected Anderson's argument that his travel to Atlanta prevented his appearance, as Anderson was made aware of the *de novo* trial two months prior. Despite this knowledge, Anderson only attempted to continue the matter a few days before the scheduled trial date. We agree with the trial court that Anderson's out-of-state travel on the date of a scheduled and known commitment does not constitute good cause for his nonappearance.[5]

In the principal brief he filed with this Court, Anderson offers a competing explanation that he was unable to attend the February 21, 2023 *de novo* trial "due to indigent circumstances." Anderson's Br. at 6. Even accepting this allegation as true,[6] Anderson has not provided the requisite detail that would permit this Court to assess how his indigency relates to a "nonappearance that was not voluntary" or supports a good cause determination. *Simms*, 198 A.3d at 507.

Neither reason proffered by Anderson for his nonappearance suggests his absence was involuntary or caused by unforeseen circumstances. As Anderson cannot establish all three elements outlined in *Simms*, we conclude that the trial court

---

[5] *See Com. v. Akinsanmi*, 55 A.3d 539 (Pa. Super. 2012) (defendant's absence from trial *de novo* for out-of-town research conference did not constitute good cause, and purported schedule conflict was not involuntary or due to unforeseen circumstances).

[6] Anderson was granted *in forma pauperis* status for this appeal.

did not err in dismissing Anderson's summary appeal pursuant to Rule 462(D).[7] Accordingly, we affirm the trial court.

---

[7] The second issue raised by Anderson, whether evidence supports Anderson's guilt beyond a reasonable doubt, is not before this Court. Although the Borough submitted evidence to support the violations alleged in the Complaint, the trial court dismissed Anderson's appeal pursuant to Rule 462(D).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
   :
     v.    :   No. 283 C.D. 2023
   :
William Anderson,    :
          Appellant    :

**PER CURIAM**

**O R D E R**

AND NOW, this 4th day of June, 2024, the February 21, 2023 order of the Court of Common Pleas of Allegheny County is hereby AFFIRMED.