J-S07022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW RYDER KIMBALL | : | |
| | : | |
| Appellant | : | No. 1398 MDA 2024 |

Appeal from the Judgment of Sentence Entered September 12, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-SA-0000250-2024

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:               **FILED JUNE 09, 2025**

Andrew Ryder Kimball appeals *pro se* from the judgment of sentence imposed on his summary traffic convictions. Kimball argues the court erred in dismissing his summary appeal on the basis that he failed to appear for his trial *de novo*. We affirm.

The Commonwealth issued traffic citations to Kimball on April 10, 2024, for operation of a vehicle following suspension of registration, driving without a license, and driving without insurance.[1] A summary trial was scheduled for June 6, 2024. Kimball failed to appear, and the magisterial district justice found him guilty *in absentia*. **See** Pa.R.Crim.P. 455(A).

Kimball filed a timely notice of appeal to the Court of Common Pleas, which scheduled a trial *de novo* for September 12, 2024. Kimball failed to

_____

[1] **See** 75 Pa.C.S.A. §§ 1371(a), 1501(a), 1786(e)(1).

appear. The court entered judgment on the judgment of the magistrate. ***See*** Pa.R.Crim.P. 462(D) ("If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority"). It sentenced Kimball to pay $350 in fines, plus court costs and fees, within 30 days.

Twelve 12 days later, Kimball submitted a letter requesting an appeal. He asserted that he missed his summary appeal due to an extreme migraine episode, a problem from which he stated he has suffered since childhood. He argued that on the date of the summary hearing, he left messages on the trial judge's answering machine, attempting to explain his absence and reschedule the hearing. The letter explaining his failure to appear was not captioned as an affidavit and was not signed or notarized. Kimball has never presented an affidavit attesting to the reasons he did not appear for the trial *de novo*.

In his appellate brief, Kimball presents the following issues.

> 1. Did the lower court err in finding [Kimball] guilty when [he] maintained a valid driver's license at the time of the alleged offenses?
>
> 2. Did the lower court err in determining guilt despite evidence of active insurance coverage for the vehicle on the date in question?
>
> 3. Did the lower court's judgment violate due process by failing to consider [Kimball's] justifiable reason for missing the appeal hearing?

Kimball's Br. at 5.

We begin with the third issue, regarding Kimball's failure to appear at his trial *de novo*. Kimball's argument is as follows.

> [My] absence at the appeal hearing was caused by a scheduling misunderstanding, resulting in a missed court appearance. [My] inability to present evidence or defend against the charges due to this error led to a default judgment. This failure to ensure [I] had the opportunity to be heard constitutes a violation of due process. Courts have an obligation to evaluate the circumstances surrounding an absence before entering default judgments.

*Id.* at 10.

When a trial court dismisses a summary appeal, our review "is limited to whether the trial court committed an error of law and whether the findings of the trial court are supported by competent evidence." ***Commonwealth v. Heyboer***, 280 A.3d 331, 334 (Pa.Super. 2022) (quoting ***Commonwealth v. Dixon***, 66 A.3d 794, 796 (Pa.Super. 2013)). We will not disturb the trial court's adjudication "absent a manifest abuse of discretion," *i.e.*, "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." ***Id.*** (quoting ***Dixon***, 66 A.3d at 796).

Under Criminal Rule 462(D), a trial court may dismiss a summary appeal "when the judge determines that the defendant is absent **without cause** from the trial *de novo*." Pa.R.Crim.P. 462(D) at cmt (emphasis added). Because trial courts often dismiss summary appeals at the time the appellant fails to appear for the *de novo* trial, and the dismissal is never contested in the Court of Common Pleas, this Court often must address the issue in the first instance. ***See Dixon***, 66 A.3d at 797.[2] In such a situation, a new trial is required if the

---

[2] In ***Dixon***, we noted that this situation arises in part because, pursuant to Pa.R.Crim.P. 720(D), a defendant in a summary appeal case is not permitted to file post-sentence motions. ***See Dixon***, 66 A.3d at 797. However, the

*(Footnote Continued Next Page)*

appellant "presents an affidavit [to this Court] that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary." ***Id.***

For example, an appellant makes a *prima facie* demonstration of cause when he submits an affidavit stating he missed the bus and arrived at the *de novo* trial only 10 minutes late. **See Commonwealth v. Marizzaldi**, 814 A.2d 249, 251, 253 (Pa.Super. 2002). The facts also warrant a new trial where the certified record shows the court administrator failed to send the appellant notice of the date of the trial *de novo*. **See Commonwealth v. Panto**, 913 A.2d 292, 297 (Pa.Super. 2006). In contrast, an appellant fails to demonstrate adequate cause when he submits an affidavit stating he was provided with the time, date, and location of his *de novo* hearing, but reported to the wrong

---

comment to Rule 720 states, "Although there are no post-sentence motions in summary appeals following the trial *de novo* pursuant to paragraph (D), nothing in this rule is intended to preclude the trial judge from acting on a defendant's petition for reconsideration." Pa.R.Crim.P. 720 at Comment. In addition, a court retains jurisdiction for 30 days after the entry of a final order, if no appeal has been filed. 42 Pa.C.S.A. § 5505. We therefore do not read ***Dixon*** as precluding the trial court from assessing an appellant's explanation for the failure to appear in the first instance. **See Commonwealth v. Simms**, 198 A.3d 500, 504 n.2 (Pa.Cmwlth. 2018) (suggesting that instead of dismissing the summary appeal on the date of the *de novo* trial, the trial court could "issue an order requiring the defendant to show cause why her nonappearance at the scheduled trial *de novo* should not result in dismissal of her summary appeal," as this "would likely curb, if not eliminate" the appeals implicating this issue). Here, however, Kimball did not expressly move for reconsideration, and the court did not expressly grant reconsideration or otherwise inquire into the cause of Kimball's absence before it lost jurisdiction.

location. **See Dixon**, 66 A.3d at 798. Adequate cause is also lacking where the appellant admits to missing the *de novo* trial due to a previously known scheduling conflict. **See Commonwealth v. Akinsanmi**, 55 A.3d 539, 541 (Pa.Super. 2012).

Kimball has failed to make a *prima facie* demonstration of cause for his absence at the *de novo* trial. While his letter requesting an appeal offers an explanation for his failure to attend the *de novo* trial, Kimball has never presented an affidavit in this Court – or even below – attesting to his explanation for his failure to appear. **See Dixon**, 66 A.3d at 797.

Moreover, in his brief to this Court, Kimball completely abandons his previous excuse and offers a different one. He now baldly alleges that he "inadvertently missed the appeal hearing due to a scheduling error" that he claims "resulted in [his] being unaware of the correct hearing date[.]" Kimball's Br. at 6. This story is again unsupported by an affidavit, and it is not even remotely similar to the excuse Kimball offered in his letter. The two statements are not compatible. Kimball has not presented a *prima facie* showing of cause for missing the trial *de novo*. We therefore affirm the court's dismissal of his summary appeal under Rule 462(D). We will not address Kimball's other issues, as they go to the merits of his convictions, and were waived when Kimball failed to appear at his trial *de novo*. **See** Pa.R.A.P. 302(a).

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/09/2025