J-S36040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TANYA M. ADAMS :
:
Appellant : No. 1495 WDA 2024

Appeal from the Judgment of Sentence Entered November 4, 2024
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0001000-2024

BEFORE: PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED: November 4, 2025**

Tanya M. Adams appeals *pro se* from the judgment of sentence imposed following her summary conviction of operating a vehicle following the suspension of her registration, 75 Pa.C.S. § 1371(a). We affirm.

Based on our review of the record, Adams, stemming from a February 25, 2024 incident in which she was pulled over by a police officer, received a summons for a summary traffic case, charging her with one count of the above-mentioned offense. On July 3, 2024, although she failed to appear, her corresponding trial[1] was held in the magisterial district court, and she was found guilty *in absentia* of that singular crime. Adams was ordered to pay an aggregate $256.75 in costs and fines, and the conviction was to result in a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Adams received two continuances prior to this July 3, 2024 trial date.

mandatory suspension of her vehicular operating privilege, effective within sixty days.

Adams filed a timely notice of appeal to the Allegheny County Court of Common Pleas, which scheduled a trial *de novo* for November 4, 2024. Again, Adams failed to appear. The court then entered judgment on the judgment of the magistrate. **See** Pa.R.Crim.P. 462(D) ("If the defendant fails to appear, the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority."). It sentenced Adams to pay $100 in fines, plus court costs and fees, to be paid within sixty days. **See** Order of Court, 11/4/24. Adams sought reconsideration of the court of common pleas' decision, and a hearing was scheduled for November 18, 2024. Nevertheless, Adams failed to appear at this reconsideration hearing, too.

Adams filed a timely notice of appeal from the court's imposition of judgment on December 2, 2024. However, despite being directed by order to do so on December 19, 2024, Adams never filed a concise statement of errors complained of on appeal within twenty-one days pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

Adams, before this Court, presents one issue for review:

> Whether, under the unique and extenuating personal and medical circumstances involved, and due to miscommunication with the Commonwealth, the penalties of vehicle registration suspension and subsequent driver's license suspension should be dismissed or reversed in the interest of justice.

Appellant's Brief at 3 (unpaginated).[2]

When a trial court, i.e., the court of common pleas, dismisses a summary appeal due to a failure to appear at a *de novo* hearing, this Court's review "is limited to whether the trial court committed an error of law and whether [its findings] are supported by competent evidence." ***Commonwealth v. Heyboer***, 280 A.3d 331, 334 (Pa. Super. 2022) (quoting ***Commonwealth v. Dixon***, 66 A.3d 794, 796 (Pa. Super. 2013)). We will not disturb the trial court's adjudication "absent a manifest abuse of discretion," *i.e.*, "manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." ***Id.*** (quoting ***Dixon***, 66 A.3d at 796).

Under Pennsylvania Rule of Criminal Procedure 462(D), a trial court may dismiss a summary appeal "when the judge determines that the defendant is absent without cause from the trial *de novo*." Pa.R.Crim.P. 462(D), comment. As trial courts often dismiss summary appeals at the time the appellant fails to appear for the *de novo* trial, and the dismissal is never contested in the court of common pleas, this Court often must address the issue in the first instance. ***See Dixon***, 66 A.3d at 797. Accordingly, a new trial is required if

---

[2] Although her brief contains only one issue, Adams's argument section is comprised of three discrete contentions, in violation of Pennsylvania Rule of Appellate Procedure 2119(a)'s directive that an argument "shall be divided into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). Moreover, these three assertions are only three to four sentences in length, each, and contain, in total, one citation to our sister court, the Commonwealth Court, and one statutory citation.

the trial court dismissed the summary appeal "without considering whether the absentee [appellant] had cause to justify the absence" and the appellant "presents an affidavit [to this Court] that (assuming the assertions delineated in the affidavit are true) presents at least a *prima facie* demonstration that cause existed for the absence, rendering that absence involuntary." ***Id.***

Although Adams's brief filed in this Court describes why she did not appear before the magisterial district court on her trial date of July 3, 2024, ***see*** Appellant's Brief at 2 (unpaginated) ("Adams sent a letter to the [magisterial district c]ourt the day prior to her scheduled appearance explaining her situation, but due to unforeseen personal hardship, she was unable to appear in person."), there is no indication, much less an affidavit, establishing why she was absent at the *de novo* trial (or the subsequent reconsideration hearing) before the court of common pleas. ***See Dixon***, 66 A.3d 797. Without any reason stated as to the latter trial, Adams has inherently failed to make a *prima facie* demonstration of cause for her absence. We therefore affirm the court's dismissal of her summary appeal under Rule 462(D).[3]

Alternatively, we note that, despite being instructed to do so, Adams

---

[3] The court of common pleas also noted that Adams did not, at any point, provide it with good cause to excuse her absence. The court indicated: "[b]efore dismissing [Adams's] appeal, [it] noted on the record that court staff had informed [it] that neither [Adams] nor anyone on [Adams's] behalf had contacted the court to explain her absence." Trial Court Opinion, 2/10/25, at 2 (record citation omitted).

failed to submit, in any capacity, a concise statement of errors complained of on appeal. The order requiring her to do so unequivocally states that "[a]ny issue not properly included in the [s]tatement and timely filed and served . . . shall be deemed waived for purposes of appeal. Furthermore, failure to file a timely Rule 1925(b) [s]tatement will result in waiver of all appellate claims." Order, 12/19/24.

Our case law is clear: "failure to comply with the minimal requirements of [Rule] 1925(b) will result in automatic waiver of the issues raised." *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005); *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005). As such, Adams's failure to file and serve the court with a Rule 1925(b) statement results in waiver of her claim and provides yet another reason as to why she is not entitled to relief on appeal. Therefore, we affirm her judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/4/2025

- 5 -